THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* 34TH STREET HOTEL CO., INC., Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, July 27, 1936.

*Campbell & Boland* [*Charles J. Campbell* of counsel], for the appellant.

*Paul Windels, Corporation Counsel* [*Charles E. Ramsgate* of counsel], for the respondent.

SALOMON, J.   The 34th Street Hotel Co., Inc., the appellant herein, is charged with a violation of section 201 of chapter 14 of the Code of Ordinances of the City of New York in that on January 8, 1936, in the city and county of New York, it did unlawfully operate a laundry at Hotel McAlpin, Thirty-fourth street and Broadway, borough of Manhattan, city and county of New York, without a license.   The appellant was found guilty, and from this judgment of conviction the appellant appeals to this court.

The proceedings had before the magistrate were submitted on the following agreed set of facts: " It is stipulated that the 34th Street Hotel Company, Inc., operates the Hotel McAlpin and that it maintains a house laundry employing twenty-six men and women, who do the laundering of the house linen exclusively and do no other kind of laundry work.   It is further stipulated that there is another separate laundry in the same hotel where twelve men and women are employed, who do laundry work exclusively for the guests of the hotel and do no laundering for others.   It is further agreed that the defendant has a license to operate the second mentioned laundry.   The Commissioner of Licenses of the City of New York has demanded that the defendant return the license applicable to the guest laundry and that the defendant obtain a new license to cover both laundries."

The stipulation contains other facts pertaining to the Prince George Hotel, Inc., another defendant, which need not be recited herein, inasmuch as we are only called upon to deal with the judgment of conviction against the 34th Street Hotel Co., Inc.

The appellant contends, *first*, that the judgment of conviction is contrary to the evidence and contrary to law, and *second*, that the ordinance is unconstitutional.   We hold that this ordinance is

constitutional and as to the appellant's contention that the facts do not justify the conviction and, therefore, the conviction is contrary to law, we hold that the laundry conducted by the appellant wherein the house linens are laundered exclusively and no other kind of laundry work is done does not come within the or dinance and no license is required. By the very terms of the provisions of the ordinance we hold it is intended to cover a laundry business. In defining a laundry in section 201 of said ordinance it specifically refers to work done for the " general public." Section 202 of said ordinance, which deals with the license fees and the furnishing of a bond for the purpose of conducting a laundry contemplated by said ordinance, provides, among other things, as follows: " The bond executed shall be payable to the people of the city of New York, and shall be conditioned that the person applying for the license will comply with the provisions of this article, and shall pay to the city of New York any fine, penalty or other imposition or obligation within 30 days of the fixation thereof, and shall pay within 30 days from the entry and filing of a final judgment recovered by any person dealing or trading with any person licensed hereunder any judgment recovered for the loss or conversion of a laundry bundle or any part thereof."

The appellant apparently and by the agreed state of facts concededly is equipped for the purpose of laundering its own linens and in doing that is not conducting the business of a laundry. We, therefore, hold the judgment of conviction should be reversed on the law and facts and the complaint dismissed.

KERNOCHAN, P. J., and BRADY, J., concur.