In the Matter of the Application of EXECUTIVE SERVICE CORPORATION, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

First Department, March 3, 1939.

*William E. Vogel* of counsel [*J. Frederic Taylor* with him on the brief; *Burke & Burke*, attorneys], for the petitioner.

*Paxton Blair* of counsel [*Francis J. Bloustein* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

*Henry Epstein, Solicitor General*, of counsel [*John C. Crary, Assistant Attorney-General*, with him on the brief; *John J. Bennett, Jr., Attorney-General*], on behalf of the State of New York, as *amicus curiæ*.

O'MALLEY, J. The question is whether the commissioner of licenses of the city of New York has authority with respect to duly licensed employment agencies to require that, before a greater percentage than one full week's salary may be charged to an employee, a *written* contract between the employee and employer must exist. The controversy arises because the commissioner insists that any contract between the petitioner and a prospective employee must contain a provision to this effect. Petitioner's form of contract now in use has no such provision and on this ground petitioner's license has been suspended.

Whether the case of *Ribnik* v. *McBride* (277 U. S. 350) — cited and followed by this court in *Matter of Executive Service Corporation* v. *Quigley* (229 App. Div. 852) — which held in the case of a New Jersey statute that charges by an employment agency for its services were not subject to regulation by an administrative officer, is applicable and, if so, whether it is no longer to be followed because of changed conditions and circumstances (*West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379), as has been later held (*Abbye Employment Agency, Inc.,* v. *Robinson*, 166 Misc. 820), we need not decide. We are of opinion that, in fixing the requirement that before one or more week's salary is exacted as a fee by an employment agency, there must be shown to exist a *written* contract for a period of one year or more between the employee and employer, the commissioner exceeded his power.

The form of contract between applicant and petitioner employment agency objected to by the commissioner, relates to employment for a year or more at a salary of $2,400 and upwards.

An oral contract which by its terms is not to be performed within one year is not illegal, and the lack of a writing is a matter of defense to be pleaded by the party against whom the agreement is sought to be enforced. (*Bean* v. *Flint*, 204 N. Y. 153, 161, 163.)

It is a matter of common knowledge that many contracts of employment of this character are made orally and fully performed by both parties. Indeed, it might prevent the employee from obtaining such employment were he to insist upon the agreement

being reduced to writing. The employee is protected by virtue of the fact that, if an illegal fee is exacted (or one greater than justified by the subsequent duration of employment), recovery may be had against the employment agency (General Business Law, § 186) which is required to give a bond (General Business Law, § 177). In addition, disciplinary proceedings may be instituted before the commissioner (General Business Law, § 192).

The commissioner of licenses has no power to declare a legislative policy or to create standards with respect to the granting or exercise of a license. His duty is merely to apply the declared policy and the rules and standards laid down in statute and ordinance. To this is his field of discretion confined. (*Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Picone* v. *Commissioner of Licenses*, 241 id. 157; *Matter of Larkin Co.* v. *Schwab*, 242 id. 330.)

There is nothing contained in section 185 of the General Business Law or in any other of its pertinent provisions which prescribes as a regulation or condition for the issuance or exercise of a license that any certain form of agreement is necessary between the agency and the employee, much less that there should be a written agreement between the employee and employer in cases of employment for a year or more.

Under such circumstances, therefore, we are of opinion that it was improper for the commissioner of licenses to suspend the petitioner's agency license on the ground that it was using a form of contract between itself and the employee which did not meet the approval of the commissioner.

It follows, therefore, that for the reasons indicated the determination, decision and order of the commissioner of licenses suspending the license of the petitioner should be annulled, with fifty dollars costs and disbursements, and petitioner's license directed to be restored to him.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements, and petitioner's license directed to be restored to him.