ACORN EMPLOYMENT SERVICE, INC., et al., Appellants, *v.* PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

Argued January 6, 1944; decided March 2, 1944.

*William E. Vogel* for appellants.  I. This suit for a declaratory judgment is proper and can be maintained.  (*Dun &*

*Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Socony-Vacuum Oil Co., Inc.,* v. *City of New York,* 247 App. Div. 163, 272 N. Y. 668; *Brown* v. *University of the State of New York,* 242 App. Div. 85, 266 N. Y. 598; *New York Operators* v. *State Liquor Authority,* 285 N. Y. 272; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Town of Ohio* v. *People,* 264 App. Div. 220.) II. Declaratory judgment should have been granted, declaring that respondent has no power to issue rules and regulations for the conduct of the business of employment agencies, and that the rules and regulations promulgated and enforced by respondent are unreasonable, arbitrary, oppressive and without authority of law. (*Matter of Executive Service Corp.* v. *Moss,* 256 App. Div. 345; *Matter of Small* v. *Moss,* 277 N. Y. 501, 279 N. Y. 288; *Matter of Picone* v. *Comr. of Licenses,* 241 N. Y. 157; *Matter of Goelet* v. *Moss,* 248 App. Div. 499, 273 N. Y. 503; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Darweger* v. *Staats,* 243 App. Div. 380, 267 N. Y. 290; *Matter of Lyons* v. *Prince,* 281 N. Y. 557; *Matter of Seignious* v. *Rice,* 273 N. Y. 44; *Brown* v. *University of the State of New York,* 242 App. Div. 85; *Schechter Corp.* v. *United States,* 295 U. S. 495; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Bus Depot Holding Corp.* v. *Valentine,* 288 N. Y. 115; *Matter of International Ry. Co.* v. *Public Service Comm.,* 264 App. Div. 506, 289 N. Y. 830.) III. Section 885 of the New York City Charter has no application to this case.

*Ignatius M. Wilkinson, Corporation Counsel* (*Murray Sendler* and *James Hall Prothero* of counsel) for respondent. I. The commissioner of licenses has statutory authority to establish rules, regulations and administrative procedures in the performance of his duty to enforce article 11 of the General Business Law. (*People ex rel. Armstrong* v. *Warden,* 183 N. Y. 223; *Matter of Perpente* v. *Moss,* 265 App. Div. 789; *Vil. of Saratoga Spgs.* v. *Saratoga G., etc., Co.,* 191 N. Y. 123; *Campbell* v. *City of New York,* 244 N. Y. 317.) II. The commissioner has implied authority to make rules which ascertain the facts to which the Legislature's standards of enforcement apply. (*United States* v. *Bailey,* 9 Pet. 238; *People* v. *Delaware & Hudson Canal Co.,* 165 N. Y. 362; *Hannibal Bridge Co.* v. *United States,* 221 U. S. 194; *Lloyd Royal Belge, S. A.,* v. *Elting,* 61

F. 2d 745, 289 U. S. 730; *Matter of Natelson* v. *Portfolio*, 291 N. Y. 290.) III. The commissioner's rule-making powers transgress no constitutional prohibition upon delegation of legislative functions. (*Mutual Film Corp.* v. *Ohio Indus'l Comm.*, 236 U. S. 230; *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387.) IV. Section 885 of the New York City Charter gives additional broad rule-making powers to the commissioner. (*Matter of Friedman* v. *Valentine*, 177 Misc. 437, 266 App. Div. 561; *Matter of Natelson* v. *Portfolio*, 291 N. Y. 290; *Matter of Creveling & Son Corp.*, 259 App. Div. 351.) V. Rule-making power given by section 885 of the Charter may properly implement the legislative policy and standards of article 11 of the General Business Law. (*Baddour* v. *City of Long Beach*, 279 N. Y. 167, 308 U. S. 503; *Levy* v. *Valentine*, 173 Misc. 306.) VI. The Commissioner's rules are appropriate to his enforcement of article 11 of the General Business Law. (*Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Seignious* v. *Rice*, 273 N. Y. 44; *Darweger* v. *Staats*, 267 N. Y. 290; *Matter of Village of Boonville* v. *Maltbie*, 272 N. Y. 40.) VII. No plaintiff is subject to actual or imminent detriment by reason of any assertion of the rule-making power of the License Commissioner; hence no question of constitutionality is presented, and plaintiffs have no right to judgment—albeit declaratory—or to equitable relief. (*Campbell* v. *City of New York*, 244 N. Y. 317; *Jones Beach Boulevard Estate, Inc.,* v. *Moses*, 268 N. Y. 362; *Matter of Executive Service Corp.* v. *Moss*, 256 App. Div. 345; *Matter of Corporate Employment Service, Inc.,* v. *Moss*, 261 App. Div. 586, 286 N. Y. 601; *Matter of Corporate Employment Service, Inc.,* v. *Moss*, 263 App. Div. 14, 287 N. Y. 794, 288 N. Y. 584; *Headley* v. *City of Rochester*, 272 N. Y. 197; *Town of Ohio* v. *People*, 264 App. Div. 220; *James* v. *Alderton Dock Yards*, 256 N. Y. 298.)

LOUGHRAN, J. The action is one for a judgment declaring the invalidity of certain pronouncements addressed by the Commissioner of Licenses of the City of New York to the employment agencies that are subject to his licensing jurisdiction. Plaintiffs (an aggregation of such agencies) also demand accessory injunctive relief.

Special Term dismissed the complaint, saying by its judgment that "the Commissioner of Licenses, pursuant to Article 11 of the General Business Law and Section 885 of the New York City Charter, is empowered to promulgate and issue all necessary rules, regulations, orders and directions for the proper operation, conduct and maintenance of employment agencies licensed by him, so as to effectively administer Article 11 of the General Business Law". This handling of the cited statutes is contested by the plaintiffs on the present appeal by them from a non-unanimous affirmance by the Appellate Division of the judgment of Special Term.

Licensing of the employment agencies in question is regulated by article 11 of the General Business Law. Section 173 thereof defines the contents of an application for a license. It is thereby provided: "Such application shall be written and in the form prescribed by the mayor or commissioner of licenses, and shall state the name and address of the applicant; the street and number of the building or place where the business is to be conducted; whether the applicant proposes to conduct a lodging house for the unemployed separate from the agency which he proposes to conduct; the business or occupation engaged in by the applicant for at least two years immediately preceding the date of the application." On the strength of these words, the Commissioner has adopted a form of application that includes this addendum: "In consideration of being granted the license hereby applied for, I agree to comply with all the rules and regulations of the License Department that are now in force or that may in the future be promulgated."

In asserted reliance upon the same section 173, the Commissioner has furthermore made an order requiring that the following regulations, among others, shall be a part of every application for a license: "The approval of the Commissioner of Licenses must be obtained by any licensed employment agent who desires to maintain night telephone service. * * * The Department deprecates the bringing of an action at law by an employment agent against an applicant for employment for services rendered such applicant. * * * Violation of any of the foregoing regulations shall be deemed just and sufficient cause for the suspension or revocation of the offender's license

or the withholding of renewal of such license." Section 174 of the statute sets forth altogether different specific grounds for refusal of a license and section 191 announces these less rigorous standards: " The said mayor or commissioner of licenses may refuse to issue and shall revoke any license for any good cause shown, within the meaning and purpose of this article and when it is shown to the satisfaction of the mayor or commissioner of licenses that any licensed person is guilty of any immoral, fraudulent or illegal conduct in connection with the conduct of said business, it shall be the duty of the mayor or the commissioner of licenses to revoke the license of such person; but notice of the charges shall be presented and reasonable opportunity shall be given said licensed person to defend himself."

Section 176 of article 11 forbids an assignment or transfer of a license or change of location of an employment agency without the consent of the Commissioner. The Commissioner has made a supplementary order requiring the consent of the Commissioner to a sale of business records by one agency to another.

On the trial herein, the Commissioner gave this testimony: " Q. There is nothing in the law which says an agent has to do a certain amount of business? A. No. Q. But you have it as a rule of your own? A. Yes, and I am not arbitrary about it either. * * * Q. That is, you feel you are filling gaps left open by the Legislature? A. Oh, yes."

Section 185 of the statute fixes the fees that may be charged by agencies. In *Matter of Executive Service Corp.* v. *Moss* (256 App. Div. 345), the court on March 3, 1939 said: "There is nothing contained in section 185 of the General Business Law or in any other of its pertinent provisions which prescribes as a regulation or condition for the issuance or exercise of a license that any certain form of agreement is necessary between the agency and the employee" (p. 347). On April 3, 1939, the Commissioner sent to a licensee the following communication: " You are advised that in our judgment you must not charge more than one week's salary for a position unless there is a written contract, and if there is a violation of this order, you will be summoned to this Department for further action against your license."

The above-stated commands of the Commissioner will serve without more to bring out the scope and effect of the judgment under review. There can be no doubt that the functions thereby adjudged to belong to the Commissioner are legislative in character. Nor can there be any doubt that such exercise of undefined general power must be denied to administrative officers. (*Matter of Small* v. *Moss*, 277 N. Y. 501, 279 N. Y. 288; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Matter of Corporate Employment Service, Inc.*, v. *Moss*, 286 N. Y. 601; *Matter of Northwestern Nat. Ins. Co.* v. *Pink*, 288 N. Y. 359. See, too, *Matter of Cherry* v. *Board of Regents*, 289 N. Y. 148.)

We have not forgotten section 885 of the Charter of the City of New York. Each head of an agency of the city is thereby permitted within limits to make " rules and regulations for the conduct of his office or department and to carry out its powers and duties." The authority so conferred is administrative, not legislative, and does not justify the above-stated commands of the Commissioner. (*Matter of Natilson* v. *Hodson*, 289 N. Y. 842. See *Smith* v. *City of New York*, 289 N. Y. 517.)

We believe the Corporation Counsel is mistaken in his assumption that such commands can be reviewed only upon a showing of actual or imminent detriment resulting therefrom. (See *Columbia System* v. *U. S.*, 316 U. S. 407, 417.)

The judgments should be reversed, with costs to the plaintiffs in all courts, and the action remitted to Special Term for further proceedings not inconsistent with this opinion.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY and DESMOND, JJ. concur; THACHER, J., taking no part.

Judgments reversed, etc.