Peck, P. J.
Plaintiff is a hotel runner. He stations himself at the New York exit of the Holland Tunnel and solicits patronage for hotels which pay him on a commission basis.
Hotel runners are licensed under section 436*-3.0 of title A of chapter 18 of the Administrative Code of the City of New York. (Local Laws, 1947, No. 39 of City of New York.) It is there declared that the business of hotel runner is a vestige of city life of several decades ago when useful services could be rendered in helping people reach their destinations amid a system of transportation still in its infancy, that with improvement in transportation facilities there has been a decrease in the occasions requiring the assistance of a runner, and that the opportunities for a runner have dwindled, competition has become keen and complaints have been increasing concerning misinformation and fraudulent statements given out by runners. It is stated not to be the desire, however, to add more men to the rolls of the unemployed and it is therefore in the public interest that a law be enacted permitting only those men who already possess licenses to continue in the business and providing that no additional licenses be issued; in this manner the business of runner will eventually be abolished, with no loss of efficiency and comfort in the task of guiding visitors to their destinations, and the abuses and fraudulent practices in such business will be prevented. Accordingly, it is provided that it shall be unlawful for any person to act as a hotel runner unless licensed in the manner prescribed. The provisions and conditions of licensing, calculated to assure that only persons of good character shall be licensed, are then set forth and, under the heading of rules and regulations, it is provided that the police commissioner may make such rules, regulations and orders as he may deem necessary for the licensing and conduct of hotel runners and which in his opinion will serve to secure the objects of the statute, protect persons and property and otherwise safeguard the interests of the traveling and general public.
Pursuant to what he deemed to be his authority under the code, the police commissioner promulgated certain rules, two of which are under attack in this action:
“ 4. Licensee shall not divert or attempt to divert in any manner any person from any destination or place person indicates or mentions he wishes to stay or visit.
“5. * * * A licensee is not permitted to act as a chauffeur * * * J >
Rule 4 was justified by the statement of the commissioner that it was promulgated to eradicate the evils of ** steering ” *256 as practiced by hotel runners, and that numerous complaints were made by visitors who had been informed of the desirability of staying in a first rate hotel and who were subjected to the prejudiced and often untrue representations made by a runner.
Buie 5 was based upon the observation that a runner at the wheel of a visitor’s car was in a position to take the visitor, even against his will or direction, to a hotel of the runner’s selection.
By virtue of these regulations the runner was narrowly confined in his operations to the solicitation of visitors who had no hotel in mind, and he might not chauffeur his patrons to their destination although duly licensed as a chauffeur. As plaintiff points out, one of the most useful services a runner can render to a stranger in the city is driving him to his destination. While the commissioner intimates that a runner may not be qualified for this purpose, we must assume that as a licensed chauffeur he is so qualified. A chauffeur’s license is issued upon application to and examination by the Commissioner of Motor Vehicles, pursuant to the Vehicle and Traffic Law of the State of Few York, which provides in section 54 that local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation excluding any chauffeur from the free use of the public highways. It was because of this provision of law that the court below found rule 5 invalid as an attempt to exclude from the use of the public highways a person entitled to such use under State law. Buie 4, on the other hand, was upheld because plaintiff had failed to sustain the burden of proving that it was arbitrary, unreasonable or illegal.
The ground upon which the learned Trial Justice found rule 5 invalid would apply equally to a like provision adopted by the city’s legislative body. We approach the matter from a different viewpoint and refrain from passing upon the question of whether it would be inconsistent with the Vehicle and Traffic Law and not permissible for the city’s legislative body, upon a proper finding, to impose as a condition of licensing a hotel runner that he should not at the same time and in the same connection act as a chauffeur.
We consider the validity of the regulations from the viewpoint of whether the police commissioner, as distinguished from the city’s legislature, may promulgate the rules which he has promulgated; that is whether legal authority exists in the commissioner under the code to make such rules and regulations with respect to this business.
The city’s legislature chose to continue the business of hotel runner and created a licensing system to. continue it under regu *257 lations intended to eliminate abuses. The mandate of the legislature was thus specific and defined. The commissioner could adopt regulations to effect the objects of the statute, but he could not substitute his own opinion of what was in the public interest and adopt regulations which would have the effect of eliminating the business and nullifying the statute. The grant of authority to the commissioner to make rules and regulations which in his opinion will serve to secure the objects of the statute and protect the public interest must be read as a single expression of limited authority to adopt regulations appropriate to carrying out the stated objects of the statute (Matter of Small v. Moss, 279 N. Y. 288; Matter of Lyons v. Prince, 281 N. Y. 557; Packer Collegiate Inst. v. University of State of New York, 298 N. Y. 184; Matter of Levine v. O’Connell, 275 App. Div. 217).
Testing the regulations, therefore, by the standard of whether they implement the law, we find that the regulations cannot be sustained. The commissioner has gone beyond executing the law as written by the city legislature and undertaken to cut down the business of hotel runner below that permitted by law.
Finding that misrepresentations were made by hotel runners, the commissioner did not attempt to confine his regulations to preventing misrepresentations or limiting licensees to persons of good character, which were the stated objects of the code provisions, but attempted to curtail the legitimate activity of a hotel runner by limiting the function to cases where a prospective customer had no hotel in mind. In ease the visitor did have a hotel in mind, the runner was not permitted to open his mouth, even to impart perfectly truthful and perhaps useful information. That a major field of business opportunity was thus entirely closed to the runner by the regulation is obvious. For the sake of ending an abuse the commissioner practically eliminated the business.
It should be noted that a provision of the Penal Law makes it a misdemeanor for any person to divert or attempt to divert any traveler to another hotel by means of any false statement or representation (Penal Law, § 925-a). The commissioner states that this section of the Penal Law did not prove adequate to cope with the evil because the travelers were generally out-of-town visitors who registered complaints after they left the city and the guilt of the runner must be proved beyond a reasonable doubt. He also states that there is no conflict between m*.' 4 and section 925-a of the Penal Law, and the fact that the State Legislature has made it a crime for a person to divert or attempt to divert hotel patronage by means of a false statement does not *258 mean that the local authorities may not act in the same field or indicate an intention to occupy the entire field to the exclusion of the local laws. We agree with the latter observation but think that it is implicit in the statement of the proposition that any action of local authorities would have to be by local law and not by administrative rule.
We are also led to observe that the commissioner might properly have established procedure for trying charges of fraud or misrepresentation against a licensee and suspending or revoking his license upon a proper finding without the necessity of a criminal trial. It is apparent, however, that he thinks the elimination of the business is necessary to end the abuses. As to this he may be correct, but that is for the Legislature to say (assuming, which we do not decide, that the Legislature has such constitutional power) and the Legislature has not only not said it but has elected to continue the business. That being the legislative mandate, the commissioner may not by indirection eliminate the business by regulation (Matter of Executive Service Corp. v. Moss, 256 App. Div. 345; Matter of Smith v. Morgan, 253 App. Div. 239; Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157).
Like the limitation imposed on solicitation, the regulation regarding chauffeuring is an attempt to eliminate a legitimate function for the sake of avoiding an abuse. A chauffeur is licensed by the State to drive another’s car. There is nothing in the law to warrant denying the rights of a chauffeur to one who is also a runner. Perhaps the functions should be separated but, if so, that is for the Legislature to do and not the police commissioner.
On the whole, we find that the regulations in question so curtail the licensed business as to defeat the legislative policy of continuing it. These regulations cannot be justified as an administrative execution of the law. They are in effect a formulation of law and a nullification rather than an implementation of the law. Being in excess of legal authority, the regulations must be invalidated.
The judgment should be modified to enjoin the defendant from enforcing rule 4 as well as that portion of rule 5 as to which an injunction was issued.