DORIS M. IVORY, Individually and as Treasurer of ASSOCIATION OF PRIVATE OFFICE PERSONNEL AGENCIES, Appellant, *v.* EDWARD W. EDWARDS et al., as Members of the State Commission Against Discrimination, Respondents.

First Department, June 20, 1951.

*William E. Vogel* of counsel (*Burke & Burke,* attorneys), for appellant.

*Henry Spitz* of counsel (*Milton Rosenberg* with him on the brief; *Henry Spitz,* attorney), for respondents.

PECK, P. J. This is an action for a declaratory judgment brought by the owner of an employment agency in her individual capacity and as treasurer of an association of employment agencies. The action seeks to have declared invalid, as without authority of law, a certain regulation of the State Commission Against Discrimination (Executive Law, § 125 *et seq.*) (first cause of action) and certain rulings of the commission (second cause of action). The order appealed from dismissed the complaint upon the ground that the plaintiff does not have legal capacity to sue either as an individual or as treasurer of the association. That ruling was made upon the basis of a showing by the respondents that neither plaintiff nor the association is engaged in any existing controversy with the commission with respect to the regulation involved in the first cause of action or any of the rulings involved in the second cause of action.

We do agree with Special Term that an action for a declaratory judgment should be brought by a real party in interest and that no sufficient showing has been made in the complaint that the association is a real party in interest. We are inclined, however, to accept the plaintiff individually as a real party in interest despite the absence of any formal pending and immediate controversy with the commission. It is true, for example, that the regulation complained of in the first cause of action is one which the plaintiff has complied with for several years, but the complaint alleges that the compliance has been under protest and that the regulation is a continuing unlawful interference with plaintiff's business. Upon that contention we rule that the plaintiff individually has legal capacity to sue.

We are obliged, therefore, to consider other objections made to the complaint upon which Special Term has not ruled. The objections come down to a contention that the court in the exercise of its discretion should not entertain this declaratory judgment action. We have come to the conclusion on that aspect of the case that the first cause of action should be enter-

tained as to the plaintiff individually, but not as treasurer of the association, and that the second cause of action should not be entertained at all.

The first cause of action relates to a general regulation of the commission which is made applicable to all employers and employment agencies, including the individual plaintiff, requiring them to post a certain notice in all places of employment. Being a regulation having the purported force of law and being made mandatory on all employers and employment agencies, and by virtue thereof on the plaintiff individually, we think it appropriate for the court to entertain the challenge to the regulation in the form of a declaratory judgment action, without requiring the plaintiff to put herself in the position of disobedience to the regulation and incurring the consequence of having the respondents take action against her.

The " rulings " involved in the second cause of action, however, fall into a different category. They are not general regulations or made applicable to all employers or to the plaintiff as a matter of course. They appear to be in the nature of case rulings made on the facts of particular cases which have been before the commission and are published for the information of the public. While presumptively such rulings would be applied in similar cases which might come before the commission, the rulings are in no way self-executing or of an effect which is compelling on the part of employers or employment agencies. No complaints of any kind have been brought against the individual plaintiff or the members of the plaintiff association, and there is no existing controversy between the defendants and the plaintiff. There could be no controversy unless and until some complaint were filed, in which case the plaintiff would be called in and a conference held and the facts in the particular case explored and a recommendation made. Only in the event that no mutually satisfactory disposition was made would there be any further proceeding.

Declaratory judgments serve a useful purpose in declaring rights at a stage and in a forum more favorable to a party who is the object of some administrative regulation than a criminal proceeding or other enforcement proceeding, but it is undesirable to carry that view to the length of permitting a party to rush in and seek a declaratory judgment before his case is cognizable by an administrative agency and before any precise issue applicable to him can be drawn. It might well be that after some complaint and conference and recommendation by the commission an action for a declaratory judgment would be

in order in advance of the commission's taking any formal action, but at the present stage and on the showing made, neither the plaintiff individually nor the plaintiff association is sufficiently involved to warrant their seeking a declaratory judgment. Indeed, it would seem impractical to render a declaratory judgment. The action is premature and should be dismissed as to the second cause of action.

The order appealed from should be modified by denying the motion to dismiss the first cause of action in the amended complaint as to the individual plaintiff and, as so modified, affirmed, without costs.

DORE, J. (dissenting in part). Plaintiff individually, as owner of a duly licensed employment agency in the city of New York and as treasurer of an unincorporated association whose members are all owners of such agencies, sues for declaratory judgment that defendants, members of the State Commission Against Discrimination, have no legal authority to promulgate a certain regulation referred to in the first cause of action and certain rulings referred to in the second cause of action governing conduct of plaintiff's business and that of all association members.

The rulings and regulations are mandatory; failure to obey will subject plaintiff and the association members to penalties and even criminal punishment provided by law. Plaintiff alleges the regulations and rulings are not in accordance with the provisions of law but constitute unlawful usurpation of power by the commission and an unlawful interference in the conduct of plaintiff's business and that of association members and will cause serious damage to such business depriving them of their property without due process of law.

Plaintiff sues not as a mere member of the general public or taxpayer or other person not especially affected, officiously seeking to interfere with the commission's activities; but on this pleading plaintiff individually and all association members have a special interest in the subject matter of the action; their rights are immediately and directly affected by the regulation and rulings they claim to be legislative in character and contrary to law; they allege that their business and property are threatened and seriously damaged and there is no adequate remedy at law.

On the facts alleged to test the legality of the rulings, the alternative to this suit for declaratory judgment determining the controversy between the parties and deciding the jural rights in question, is willful refusal to obey the regulation or

rulings, and this under the penal provisions of the law set forth in the complaint (Executive Law, § 134) may make one so disobeying guilty of a misdemeanor and punishable by imprisonment or fine or both. To avoid such or similar serious consequences of disobedience, a declaratory judgment is useful and may be even necessary (see *Matter of Corporate Employment Service* v. *Moss,* 263 App. Div. 14, affd. 287 N. Y. 794; see, also, *Kirn* v. *Noyes,* 262 App. Div. 581, 583). In a declaratory judgment action in which the plaintiff had not been directly ordered to alter its product (*Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527, 537–538), the Court of Appeals said: " Failure to comply with the provision calls for criminal punishment and other penalties. Regardless of the temper of the enforcing authority, regardless of its inclination, the ordinance places the product of the Quaker Oats Company, as well as its management, in jeopardy and gives rise to the essential ' controversy.' Under such circumstances, action for a declaratory judgment and for an injunction properly lies. (*Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147, 153; cf. *Good Humor Corp.* v. *City of New York,* 290 N. Y. 312.) As Judge LOUGHRAN declared in the Acorn Employment case (p. 153) : ' We believe the Corporation Counsel is mistaken in his assumption that such commands can be reviewed only upon a showing of actual or imminent detriment resulting therefrom. (See *Columbia System* v. *U. S.,* 316 U. S. 407, 417.) ' "

With regard to the second cause of action, it is not correct to say that the rulings there questioned are, as urged by the commission, mere " interpretations " or " working presumptions " or the " general thinking " of the commission. On the contrary, the complaint sets forth specific pre-employment inquiries that the commission, by the rulings, declares " unlawful "; e.g., inquiry as to the original name of an applicant whose name has been changed, requesting an applicant's photograph, asking the name of a relative to be notified in case of accident, inquiry into the applicant's general military experiences, etc. These are not general vague " interpretations " or case rulings applicable to particular cases before the commission but definite rulings declaring specific inquiries " unlawful ". The law is available for interpretation and application and the claimed invalidity or illegality of the rulings can be determined by a declaratory judgment. A controversy clearly exists; precise issues applicable to plaintiff and the members are set forth in the pleadings; the action is neither premature nor impracticable.

The rulings have been promulgated and published in the commission's reports and are considered by the commission in the absence of specific exception to be generally binding on plaintiff and association members. Plaintiff alleges that enforcement thereof constitutes unlawful interference in plaintiff's business and that of association members, causing serious damage. Official promulgation of the rulings denouncing disobedience as " unlawful " is clear indication that the rules are obligatory and must be followed under threat of prosecution against any individual or agency that violates the mandates. Plaintiff, individually, or the association members are not obliged first to violate the rulings and thus raise the issue by a complaint against them. Their position in such state of facts would be doubly precarious because it should be noted that their business is a *licensed* business. The ultimate penalty for conduct declared " unlawful " might perhaps be deprivation of their livelihood. If prosecuted and held guilty of " unlawful " conduct by this commission, charges may be made against them before the licensing commissioner. This is one of the perilous alternatives to the rational, sensible and legal procedure for a declaratory judgment that plaintiff has here taken.

It must be remembered also that if the causes of action are sufficient on the facts alleged in any aspect whatever, a motion of this kind must be denied.

On this motion the court is not called upon to pass on the merits of the controversy between the parties. Under the facts and circumstances alleged, the complaint in both causes of action is sufficient to support this action for a declaratory judgment; in the exercise of the court's discretion, the action should be entertained; and it was error to dismiss on the grounds stated in the Special Term's opinion or on any of the grounds urged by defendants (*Faingnaert* v. *Moss*, 295 N. Y. 18; *Acorn Employment Service* v. *Moss*, 292 N. Y. 147; General Associations Law, § 12). The powers of the court have been properly invoked and defendants' challenge to its jurisdiction must fail.

Accordingly, I dissent in part and vote (1) to reverse the order appealed from adjudging that the amended complaint be dismissed and (2) to deny defendants' motion in all respects.

Cohn, Van Voorhis and Heffernan, JJ., concur with Peck. P. J.; Dore, J., dissents in part, in opinion.

Order modified by denying the motion to dismiss the first cause of action in the amended complaint as to the individual plaintiff and, as so modified, affirmed, without costs. Settle order on notice.