OPINION OF THE COURT
David B. Saxe, J.
Two recently promulgated (March 19, 1983) regulations of the New York City Department of Consumer Affairs (DCA) (Regulations 10 and 11), dealing with the practices of employment agencies within the City of New York are today declared void by this court for the principal reason that the enacting agency exceeded the authority conferred upon it by the State Legislature.
The New York Legislature has delegated to DCA limited authority with respect to the regulation of employment agencies. The commissioner is empowered only to “make reasonable administrative rules within the standards set in this article.” (General Business Law, § 189, subd 3; emphasis added.) In such instances, the agency’s powers are of a limited nature; it may not make regulations that are legislative in character. (See, e.g., Matter of Broidrick v Lindsay, 39 NY2d 641, 646; Acorn Employment Serv. v *291 Moss, 292 NY 147, 153; Matter of Executive Serv. Corp. v Moss, 256 App Div 345.)
The crucial issue here is whether Regulations 10 and 11 either add to or change the requirements of article 11 of the General Business Law. For if they do, then it does not matter how harmonious the regulations are with respect to general legislative policy. In such an event, they must be nullified because they are legislative, not administrative, in character. (Matter of Broidrick v Lindsay, supra.)
I hold that Regulations 10 and 11 clearly exceed the mandates of article 11 of the General Business Law and are legislative in nature.
Regulation 10 was promulgated to implement section 181 of the General Business Law. Section 181 obligates employment agencies to furnish applicants with certain information. The section does not set forth the manner in which the information is to be provided. The scope of Regulation 10 requires that the information be provided in writing.
Specifically, Regulation 10 requires employment agencies to provide the applicant in written form with the duration of the job and the number of meals provided by the employer, the name and telephone number of the person authorizing employment, and a signed receipt for every refund indicating the reason why any refund is not in full. Section 181 does not mandate the furnishing of any of this information, nor that any information furnished be provided in written form. Regulation 10 requires employment agencies to comply with a directive not mandated by statute and is thus improper.
Administrative agencies may not impose additional requirements which have not been mandated by the Legislature. In Acorn Employment Serv. v Moss (supra), the Court of Appeals disallowed the commissioner’s attempt to require employment agencies, inter alla, to obtain its approval before selling business records to other agencies or before providing night telephone service. The court stated (292 NY, at p 153): “There can be no doubt that the functions thereby adjudged to belong to the Commissioner are legislative in character. Nor can there be any doubt that such exercise of undefined general power must be *292 denied to administrative officers.” Regulation 10 resembles the regulation in Acorn because it forces employment agencies to comply with requirements not mandated by statute. It is legislative in nature and exceeds the department’s limited authority.
Without express authority from the Legislature, an administrative agency may not require the submission of information in written form. In Matter of Executive Serv. Corp. v Moss (256 App Div 345, supra), an attempt by the commissioner to require employment agencies to enter into written contracts with applicants before charging them a fee greater than one week of their salary was held invalid.
“The commissioner of licenses has no power to declare a legislative policy Or to create standards with respect to the granting or exercise of a license. His duty is merely to apply the declared policy and the rules and standards laid down in statute and ordinance. To this is his field of discretion confined. * * *
“There is nothing contained in section 185 of the General Business Law or in any other of its pertinent provisions which prescribes as a regulation or condition for the issuance or exercise of a license that any certain form of agreement is necessary between the agency and the employee, much less that there should be a written agreement between the employee and employer in cases of employment for a year or more.” (256 App Div, at p 347; emphasis added.)
Regulation 10 mirrors the regulation disallowed in Matter of Executive Serv. Corp. and is therefore void. If the intent of the Legislature had been to require that information specified in section 181 of the General Business Law be in written form, the statute would have so provided. I find that Regulation 10 exceeds the grant of authority to DC A by the Legislature because it requires employment agencies to perform tasks in a manner not sanctioned by law.
Regulation 11 changes the manner in which agencies classify jobs, and thus the fees that they are permitted by law to charge. This regulation creates a presumption that certain job titles are properly classified as either “A” or “Al” and places many jobs that would be classified as “Al” *293 into the “A” category. This reduces the fee that an agency can charge from one week’s salary to 10% of the first month’s pay. But, section 185 of the General Business Law differentiates between “A” and “Al” jobs on the basis of skill and training. Regulation 11 improperly interferes with the mandate of that statute. (Matter of Circus Disco v New York State Liq. Auth., 51 NY2d 24.)
Regulation 11 goes beyond and in fact, contradicts the structure for job classification which is set forth in the statute and therefore exceeds the agency’s power. In Matter of Broidrick v Lindsay (39 NY2d 641, supra), a city regulation was promulgated pursuant to a statute which prohibited any contractor performing work for the city from discriminating in employment. The regulation mandated a certain percent of minority participation on all contracts entered into by the city. The city’s attempt to justify the regulation on the ground that it was designed to remedy past discrimination was rejected. The regulation was held invalid, the court stating that, “Nowhere in the law has the city council prescribed affirmative action to redress the effects of discrimination.” (Matter of Broidrick v Lindsay, supra, pp 646-647.) Thus, the respondent’s argument that Regulation 11 is a mere interpretation of section 185 cannot be sustained.
The proceeding here was commenced by the petitioner, the Metropolitan Association of Employment Agents of New York, against the Commissioner of the New York City Department of Consumer Affairs. The petitioner seeks, in part, an order pursuant to CPLR 7803 (subd 2), prohibiting the respondent from enforcing Regulations 10 and 11 and declaring those regulations null and void on the ground that the respondent acted outside the scope of his authority.
On the basis of the foregoing analysis, I find that the regulations under scrutiny in this proceeding are void because DCA exceeded its authority in promulgating them. The petitioner’s point that the respondent’s decision was not supported by substantial evidence need not be addressed.
The petition is therefore granted. -