OPINION OF THE COURT
Alice Schlesinger, J.
In 1990, the Department of Consumer Affairs (Consumer *157 Affairs) conducted an investigation in the area of classified employment advertising by employment agencies. The investigation allegedly revealed widespread practices of agencies advertising jobs without divulging that they were employment agencies. Consumer Affairs found this action to be deceptive because applicants believing that they were dealing with employers would prepare resumés, and travel to the site of the interview to find out that they had reached only an employment agency.[1]
Additionally, Consumer Affairs asserted that there is a widespread practice by employment agencies of advertising jobs that did not exist. This was done presumably in an attempt to obtain a large pool of resumés for less desirable positions.
Consumer Affairs stated that it has received letters from the general public complaining of deceptive advertising by agencies as well as complaints from applicants of being sent out on interviews for nonexisting jobs. A number of the complaints allegedly received from job seekers are appended to Consumer Affairs’ papers.
After conducting the investigation, Consumer Affairs filed charges against 50 employment agencies. The violation notices stated that "You [employment agency] have engaged in deceptive trade practice in that * * * you advertised in the New York Times without disclosing that you are an employment agency. This is a violation of the Consumer Protection Law Section 20-700 and Consumer Protection Law Regulation 205.”[2]
*158 A number of the agencies settled with Consumer Protection agreeing not to engage in false and deceptive advertising. There were two categories of settlements. One set of agencies agreed to disclose that they were employment agencies in the classified advertisement. The second set specifically reserved their right to obtain a judicial declaration that they were not bound by the Consumer Protection Law and could not be required to disclose their status as an employment agency.
Before the court is the petition of this second set of employment agencies, which is represented by the Association of Personnel Consultants of New York State, Inc. (Personnel Consultants). Personnel Consultants is an association of employment agencies. Many of its members are "employer fee paid employment agencies” as defined by section 191 of the General Business Law.[3] It is this latter group of employment agencies that is challenging in this CPLR article 78 proceeding Consumer Affairs’ attempt to require identification in classified advertising that they are employment agencies.
DISCUSSION
When the Legislature preempts local regulation, a municipality may not act to impose "an additional layer of regulation” (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 104 [1983]). The Legislature’s intent to preempt may be express or implied (supra, at 105). Implied intent to preempt can be inferred from a declaration of State policy (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347 [1972]). Alternatively, this desire may be deduced by the Legislature’s enactment of a "comprehensive and detailed” regulatory scheme (People v De Jesus, 54 NY2d 465, 469 [1981]).
In Robin (supra), the local law did not depart from existing State law. Instead, the law added an additional requirement that abortions be conducted in hospitals licensed and accredited by the State. In striking the law the Court of Appeals noted that where the State’s purpose is to preempt, "a village *159 or municipality lacks authority to deal with the matter ' "unless it is specifically empowered so to do in terms clear and explicit.” ’ ” (Robin v Incorporated Vil. of Hempstead, supra, at 350-351, quoting Matter of Kress & Co. v Department of Health, 283 NY 55, 60.)
Here it is arguable that the Legislature impliedly intended to preempt action by the city in the area of policing employment agencies. All employment agencies in the State are subject to article 11 of the General Business Law. It is a comprehensive and detailed statute which regulates most aspects of employment agency business. The article covers various licensing requirements, application procedures for licensing, bonds and licensing fees, record keeping, contracts, recruitment of domestic employees, fee ceilings, a return of fees, prohibited activities and penalties.
On the other hand, section 189 (1) of the General Business Law expressly permits the Commissioner of Consumer Affairs of the City of New York to enforce article 11. Pursuant to section 189 (3) the Commissioner "may make reasonable administrative rules within the standards set in this article.” The agency’s authority, however, is limited to what is mandated by article 11 and may not be legislative in nature (see, Acorn Employment Serv. v Moss, 292 NY 147 [1944]; Matter of Executive Serv. Corp. v Moss, 256 App Div 345; Metropolitan v Gourdine, 120 Misc 2d 290 [Sup Ct, NY County 1983]).
Thus, one can argue that since the State does permit some limited regulation, the Legislature did not intend to preempt all municipal supervision in this area.
However, there is a second related but independent ground to invalidate a local law. This occurs where the local law is inconsistent with the State law (Consolidated Edison Co. v Town of Red Hook, supra, at 105, citing Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 255).
Article 11 of the General Business Law prohibits an employment agency from advertising without identifying itself as an agency (General Business Law § 187 [3]). This provision also requires an agency to list its name and address in the advertisement.
However, pursuant to General Business Law § 171 (2) (e) (4) the Legislature has specifically exempted "employer fee paid employment agencies” from the definition of "employment agency.” Therefore, by virtue of this exemption, an employer fee paid employment agency is not subject to the identification requirement contained in General Business Law § 187 (3).
*160 Since State law permits petitioners who are employer fee paid employment agencies to advertise without identifying themselves as agencies, application of Consumer Protection Law § 20-700 et seq. and regulation 205 to these petitioners is clearly inconsistent with express State law.
Consumer Affairs’ arguments to the contrary are not persuasive. It asserts that the legislative history of article 11 makes clear that although employer fee paid employment agencies were exempted by the Legislature from the disclosure requirement, this was done only because these agencies were subject to a similar requirement in General Business Law § 350 which prohibits false advertising.
In 1984, over Consumer Affairs’ opposition, the Legislature amended article 11 by eliminating "employment fee paid employment agencies” from the definition of "employment agency.” The rationale for deregulation of employer fee paid employment agencies was that since the employer paid the fee, there was less need for additional protection to persons looking for jobs. The hope was that deregulation would serve as an incentive for employment agencies to discontinue their practice of charging applicants a fee for job placement.
Subsequently, in 1988, the Legislature again amended article 11 removing a requirement that employer fee paid agencies register with either the New York State Commissioner of Labor or Consumer Affairs.[4] Consumer Affairs again expressed its concern with regard to further deregulation. It wrote to the State Commissioner of Labor stating that deregulation would not permit effective enforcement of sanctions for deceptive trade practices.
In response, the Department of Labor stated by letter that General Business Law § 350 will protect job applicants and could be utilized to penalize employment agencies involved in false advertising.
General Business Law § 350 prohibits "[fjalse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state”. False advertising constitutes "advertising, including labeling, of a commodity, or *161 of the kind, character, terms or condition of any employment opportunity in a material respect.” (General Business Law § 350-a [1].)
Since section 187 (3) is clear on its face, there is no need to resort to legislative history (McKinney’s Cons Laws of NY, Book 1, Statutes § 120, at 242).
Moreover, while section 350 explicitly applies to all employment agencies, it does not stand for the proposition that failure by an employer fee paid employment agency to disclose its identity constitutes false advertising. Interpreting this provision in the manner advocated by Consumer Affairs would negate the Legislature’s express intent exempting employer fee paid agencies from the disclosure requirement.
Consumer Affairs’ efforts to protect job seekers from unscrupulous business practices in light of the high unemployment rate and recession are laudable. However, the agency may not override the Legislature’s express exemption given to employer fee paid agencies.
For the reasons stated above, the court declares that Consumer Affairs’ issuance of violations pursuant to Consumer Protection Law § 20-700 et seq. against employer fee paid employment agencies who do not disclose in classified advertisements their name or that they are an agency is inconsistent with State law. Further, that application of Consumer Protection Law § 20-700 et seq. (and the regulations contained thereunder) to employer fee paid employment agencies is invalid.
Movant’s application for a preliminary injunction is denied based on counsel for Consumer Affairs’ representation that the agency will "refrain from taking any new enforcement action with regard to classified employment advertising pending a disposition of the instant article 78 proceeding.”

. Employment agencies placed advertisements that gave the impression that they were placed by an employer. For example, one agency’s ad stated as follows:
"Public Relations
"Dynamic Pres of leading PR firm seeks asst w/good typg & WP to run offc & handle social project since he travels extensively. Beautiful offes. Must be articulate & enjoy client contact. Excl bnfts. Call Mrs. Parks at 212-818-0207.”
According to Consumer Affairs, Mrs. Parks works for an employment agency.

. Section 20-700 of the Consumer Protection Law of the City of New York (Administrative Code of City of New York §§ 20-700 — 20-706) prohibits "deceptive or unconscionable trade practices in the sale, lease, rental or loan or in offering for sale, lease, rental, or loan of any consumer goods or services, or in the collection of consumer debts.”
The regulations promulgated thereunder require "dealers, brokers or business entities advertising in the classified section of a newspaper, maga *158 zinc or other printed media must disclose that they are businesses” (regulation 205 [a]). The disclosure requirement is met where the business identifies itself osa" 'dealer’, 'broker’, or other similar terms” (regulation 205 [b]).

. " '[Ejmployer fee paid employment agency’ means any person who on behalf of employers procures or attempts to procure employees for 'Class B’ employment * * * and who in no instance charges a fee directly, or indirectly, to persons seeking such employment even though a fee may be charged to employers seeking the services of such employees” (General Business Law § 191).

. In sum, currently employer fee paid employment agencies are subject to token regulation. Among the prohibited activities are sending an applicant to an interview without either obtaining a bona fide order from an employer or disclosing to the applicant prior to sending the applicant to the employer that no job order has been received. Additionally, employer fee paid agencies may not send applicants for jobs that will violate labor and education laws (see, General Business Law § 192).