William Lyman, J.
Petitioner, a licensed auctioneer, seeks in this proceeding under article 78 of the Civil Practice Act to review respondent Commissioner of Licenses’ determination which, after a hearing, found the petitioner herein guilty of violating rule 11 of the Bules and Regulations of the Department of Licenses relating to auctioneers and imposed a fine of $25.
The charges against petitioner arose from an auction sale to the public of certain goods, wares and merchandise, which sale was advertised as a “ Creditors’ Committee Sale.” No license to conduct the afore-mentioned sale was obtained by the said creditors’ committee, in accordance with the requirements of section B32-206.0 of the Administrative Code of the City of New York. This failure of the creditors’ committee to secure a license was the sole basis for the charge that petitioner had violated rule 11.
Bule 11, as promulgated by the Commissioner of Licenses, under the authority conferred upon him by section 885 of the Charter of the City of New York, states that: “ The auctioneer shall be held responsible for full compliance by his employer or principal with all rules and regulations of the Department and pertinent provisions of law.”
Petitioner contends that rule 11 is inconsistent with section B32-216.0 of the Administrative Code of the City of New York, which latter section exempts “ Duly licensed auctioneers, selling at auction ” from obtaining a license for such sale and from any penalties connected therewith.
When a rule of an administrative agency is appropriately challenged in the courts as not conforming to the legislative mandate, the judicial branch has only one duty: to lay the enabling statute which is invoked beside the regulation which is challenged and to decide whether the latter squares with the *5 former (paraphrasing United States v. Butler, 297 U. S. 1, 62). But thus comparing rule 11 with section B32-216.0 of the Administrative Code of the City of New York, it appears evident that the Department of Licenses has transgressed its delegated authority and “ arrogated to itself power in excess of that which it possesses as an administrative board.” (Matter of Barry v. O’Connell, 303 N. Y. 46, 53.)
An administrative agency is a creature of the Legislature. It possesses no inherent legislative power and must strictly confine the exercise of its delegated authority within the boundaries of the Legislature’s mandate. However much courts may defer to administrative expertise, they may not countenance action which patently contravenes the vires expressly laid down in the enabling statute; they may not “ sanction administrative lawlessness ” (Peters v. Hobby, 349 U. S. 331, 345). “Administrative practice may not thwart a statute the purposes of which are as clear as those here involved” (Matter of Hines v. La Guardia, 293 N. Y. 207, 216; Matter of Walling v. Schechter, 7 N Y 2d 814); administrative adjudication may not employ a “ standard different from that fixed by the Legislature ” (Fuld, J., concurring in Matter of Barry v. O’Connell, 303 N. Y. 46, 53); an administrative regulation may not “ put into the body of the statute a limitation which [the Legislature] did not think it necessary to prescribe ” (Morrill v. Jones, 106 U. S. 466, 467; Acorn Employment Serv. v. Moss, 292 N. Y. 147; Matter of Gross v. New York City Alcoholic Beverage Control Bd., 7 N Y 2d 531)".
In the statute now before us, the express legislative intent to “ exempt from the provisions of this article * * * Duly licensed auctioneers, selling at auction ’ ’ is clear.
Nor does section 885 of the Charter of the City of New York, which provides that 6 ‘ Each head of an agency may, except as otherwise provided by law, make rules and regulations for the conduct of his office or department and to carry out its powers and duties ’ ’, confer undefined general power to legislate. £ £ The authority so conferred is administrative, not legislative ” (Acorn Employment Serv. v. Moss, supra, p. 153).
Accordingly, for the reasons set forth herein, the petition is in all respects granted, and the determination is annulled.