Arnold Gf. Fraiman, J.
By this article 78 proceeding, petitioners, who are probation officers in the Supreme Court, seek to annul a determination of the Board of Collective Bargaining (the Board) (Administrative Code of City of New York, § 1173-1.0 et seq.) whereby the Board refused to review and correct alleged mistakes contained in a report and recommendations of an impasse panel appointed by it.
As probation officers employed in the Supreme Court, petitioners and all others having the same title, were part of a collective bargaining unit represented by the Probation and Parole Officers Association of Greater New York (the Association) in negotiations with the city and the Judicial Conference concerning wages for the period beginning July 1,1968. Employees having five other titles were also included in the bargaining unit. When the negotiations reached an impasse, the Board appointed a so-called impasse panel of three impartial persons, pursuant to paragraph (2) of subdivision c of section 1173-7.0 of the Administrative Code of the City of New York (N. Y. City Collective Bargaining Law). On June 30, 1969, the panel, after hearing the evidence and arguments of the parties, issued its report and recommended terms of settlement. The recommendations of the panel were accepted by the Association after ratification by a majority of its membership and by the city and the Judicial Conference. The Mayor then issued a personnel order embodying the terms of the recommendations. Thereafter, the petitioners herein petitioned the Board to review the findings and recommendations of the impasse panel and upon such review, to determine that certain findings and recommendations pertaining to petitioners and others having the same title were illegal, arbitrary and capricious. The Board dismissed the petition on July 17, 1970 and it is this dismissal which petitioners seek to have reviewed by this article 78 proceeding.
There is no provision in either the statute or the rules of the Office of Collective Bargaining for review of impasse panel recommendations by the Board, and petitioners cite no authority for such review, other than to state in their petition that the Board has “ inherent power ” to do so. However, an administrative agency possesses only those powers expressly conferred upon it by statute (Matter of Village of Boonville v. *765 Maltbie, 272 N. Y. 40). Although subdivision c of section 1173-7.0 of the Administrative Code contains specific provision for the appointment, method of selection and powers of an impasse panel, and the content of its reports, nothing contained therein even suggests that the panel’s reports may be reviewed by the Board. Nor would there by any purpose served by such review, inasmuch as the panel’s recommendations are advisory only and could have been rejected in whole or in part by either party (Office of Collective Bargaining rule 5.11c). Here the parties, including the Association representing petitioners, voluntarily accepted the panel’s recommendations, the Association doing so only after submitting the proposals to its membership for ratification.
Moreover, since the panel’s findings and recommendations were voluntarily accepted by the Association, the Association thereby waived any rights it might have had to challenge the accuracy or validity thereof. Petitioners as individual members of the bargaining unit clearly possess no greater rights than their Association. Indeed, a serious question exists as to the standing of petitioners to bring this proceeding at all. Their certified representative in the proceedings before the Board and the impasse panel was the Association. As the exclusive bargaining representative (§ 1173-5.0, subd. b, par. [2]) of petitioners, the Association, and it alone, would have been authorized to question the proceedings before the Board and the panel. If individual members of the bargaining unit were permitted to challenge the findings and recommendations of the panel or the Board, it would result in a complete breakdown of the entire collective bargaining process. Obviously, if individuals represented by a bargaining unit have cause to question the propriety of the unit’s representation of them in the collective bargaining negotiations, or the manner in which the unit is performing that function, they would not be without remedy, but such remedy would lie in a proceeding against the bargaining unit and not by their individual participation in the bargaining proceedings.
For the foregoing reasons, the petition herein is dismissed.