(April 12, 1973)

■ BESS MYERSON, as Commissioner of the Department of Consumer Affairs of the City of New York, Respondent, v. LENTINI BROTHERS MOVING & STORAGE CO., INC., Appellant.— Order, Supreme Court, New York County, entered on November 22, 1972, unanimously modified, on the law and in the exercise of discretion, with respect to the second ordering paragraph as herein indicated, and as so modified the order is otherwise affirmed, without costs and without disbursements. The production at the office of petitioner of true copies of the contracts, etc., requested in items 6 through 11 of the subpoena duces tecum, might fairly be found to be unduly burdensome and expensive. Therefore, at

the option of respondent-appellant, petitioner shall be permitted to examine and copy true copies of such items at the office of respondent-appellant. The hearing and examination shall proceed within 20 days after service upon appellant by respondent of a copy of the order to be settled hereon at a date mutually agreed upon or, if that be not possible, such date as may be set by this court. Appellant's contention that the area in which inquiry is sought has been preempted by the State, must be rejected. The purpose of the Consumer Protection Act of 1969 is the protection of consumers from deceptive and misleading practices. The objective of the State Transportation Law is totally different. Nothing in the language of such law indicates an intention to occupy the field of consumer protection to the exclusion of an act such as is here involved. A mere incidental paralleling or even some overlapping would not warrant a conclusion of pre-emption in the absence of an intent to the contrary, either expressed or necessarily implied by the terms of the State law (*People* v. *Lewis*, 295 N. Y. 42; cf. *Kindermann Fireproof Stor. Warehouses* v. *City of N. Y.*, 39 A D 2d 266, 269). Settle order on notice. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.