Edward S. Conway, J.
This is a motion by the respondent Long Island Lighting Company (LILCO) for an order dismissing the petition as a matter of law on the ground that the party asserting the cause of action has not legal capacity to sue and the pleading fails to state a cause of action pursuant to CPLR 3211 (subd [a], pars 3, 7).
Petitioner, Rosemary S. Pooler, as Executive Director of the New York State Consumer Protection Board (Board), filed a notice of intervention in respondent LILCO’s rate case before respondent New York State Public Service Commission (PSC). Petitioner filed as a party in the rate proceeding and participated throughout the case by examination and presentation of witnesses and submission of briefs and a petition to the PSC for rehearing.
The respondent PSC granted, in part, respondent LILCO’s rate request and the petitioner then commenced this CPLR article 78 proceeding to annul the decision of the PSC. Respondent LILCO then served the instant motion to dismiss the article 78 proceeding on the ground that the Board does not *701 have the legal authority or standing under the Executive Law to bring an article 78 proceeding.
The New York State Legislature created the Board pursuant to article 20 of the Executive Law (§§ 550-553), effective July 1, 1970. The Board and its executive director, created by section 551 of the Executive Law, was set up to protect consumers "from deceptive and misleading practices” (Myerson v Lentini Bros. Moving & Stor. Co., 41 AD2d 818, 819). Its powers and duties are spelled out in section 553 of the Executive Law and among the duties enumerated are:
"2. The executive director shall have the power and duty to: "a. receive complaints of consumers and refer them to the appropriate federal, state or local agency authorized by law for appropriate action on such complaints;
"b. advise and make recommendations to the governor on matters affecting the consumers of the state and promote and encourage the protection of the legitimate interests of consumers within the state; and
"c. on behalf of the board, initiate, intervene in, or participate in any proceedings before the public service commission, to the extent authorized by sections twenty-four-a, seventy-one, eighty-four or ninety-six of the public service law or any other applicable provision of law, where he deems such initiation, intervention or participation to be necessary or appropriate.
"3. The executive director when so directed by the board shall have the power and duty to:
"a. conduct investigations, research, studies and analyses of matters affecting the interests of consumers;
"b. cooperate with and assist the attorney general in the carrying out of his legal enforcement responsibilities for the protection of consumers;
"c. cooperate with and assist consumers in class actions in proper cases;
"d. represent the interests of consumers of the state before federal, state and local administrative and regulatory agencies;
"e. study the operation of consumer protection laws and recommend to the governor new laws and amendments of laws for consumer protection;
"f. conduct product research and testing and, where appro *702 priate, contract with private agencies and firms for the performance of such services;
"g. initiate and encourage consumer education programs;
"h. cooperate with and assist local governments in the development of consumer protection activities;
"i. establish advisory councils to assist in policy formulation on specific consumer problems; and
"j. undertake activities to encourage business and industry to maintain high standards of honesty, fair business practices, and public responsibility in the production, promotion and sale of consumer goods and services.”
Authority to commence this proceeding is not in the statutory language establishing the Board, and an administrative agency possesses no inherent legislative power of its own. Section 553 of the Executive Law provides that the executive director shall have the power and duty to appear before Federal, State and local administrative agencies to protect consumers’ rights but the Board’s authority to commence an article 78 proceeding in Supreme Court is not provided for and the Board possesses only those powers expressly conferred upon it by statute (Matter of Levy v Anderson, 65 Misc 2d 763). When the Board’s petition before the PSC for a rehearing was denied, its authority ended.
The Board is empowered to co-operate with and assist the Attorney-General and/or consumers in class actions but not to represent the consumer in State courts. The legislation creating the Board must be strictly construed, as the Board is a creature of the Legislature and must strictly confine the exercise of its delegated authority within the boundaries of the Legislature’s mandate (City of New York v Maltbie, 274 NY 90; Matter of Kasper v O’Connell, 38 Misc 2d 3).
The motion to dismiss the petition on the ground that the executive director of the Board does not have the legal capacity to initiate the proceeding is granted.