■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARMEN CARDILLO, JOHN DI LORENZO, ARTHUR AUSFELD, MICHAEL AGRESTA and JOSEPH SALERNO, Respondents. — Appeals from orders of the County Court of Montgomery County, entered May 27, 1980, which suppressed certain physical evidence. The New York State Commission of Investigation (SIC), on or about May 23, 1977, secured search warrants for certain premises and the person of the defendant Cardillo from a Justice of the Supreme Court in New York County. The defendants were indicted in April of 1979 for crimes based upon the evidence seized on May 24, 1977. Defendants moved to suppress that evidence as illegally seized and the County Court granted the motion. This appeal by the People ensued. As held by the County Court, the recent case of *Matter of B. T. Prods. v Barr* (44 NY2d 226) is dispositive of the issue. The court found in the *Barr* case that it is not sufficient that the person applying for a warrant be authorized by law to apply for a warrant, but the agency for which he is acting must also be authorized to seek warrants. (pp 234, 235.) The County Court carefully examined the statutes creating the SIC (L 1958, ch 989, § 1 *et seq.)* and found that the SIC had no powers except investigative and that there was no specific grant of the power to seek warrants in aid of its investigations *(People v Mitchell,* 40 AD2d 117, 121). Upon these appeals, the People have not shown any substantial distinction between this case and the *Barr* decision and we agree with the County Court that the evidence must be suppressed. Orders affirmed, with one bill of costs to respondents. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.