■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE R. BECRAFT, Appellant. [604 NYS2d 437] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The trial court erred when it refused, as a matter of law, to permit defendant to examine the complainant concerning numerous prior charges of rape she had made against other individuals.

The complainant alleged that she had been raped six different times by a relative of her foster parents. She alleged that handcuffs had been used in those rapes just as she alleges that they were used by defendant, her stepfather, in the instant case. She had also made accusations of rape against two other relatives, a cousin and an uncle.

The court erroneously reasoned that examination of the complainant on prior allegations of rape is proscribed by CPL 60.42. The court did not conduct any inquiry into the underly-

ing facts of the allegedly false rape charges by the victim. Because the admissibility of such testimony rested within the discretion of the trial court and the court precluded the testimony based on its erroneous conclusion that the statute barred such testimony, defendant is entitled to a new trial *(see, People v Harris,* 132 AD2d 940, 941).

The court's failure to exercise its discretion in this regard may not be viewed as harmless *(see, People v Williams,* 56 NY2d 236, 240-241). A determination whether defendant engaged in the alleged sexual activity with the complainant rested upon the credibility of the complainant.

Because we are reversing the conviction, we need not address the sentencing issues raised by defendant. (Appeal from Judgment of Oneida County Court, Murad, J.—Rape, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.