■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS DUGGAN, Appellant. [645 NYS2d 158] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 4, 1995, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, rape in the third degree, aggravated sexual abuse in the second degree and endangering the welfare of a child.

Defendant was charged in a five-count indictment with rape in the first degree, sodomy in the first degree, rape in the third degree, aggravated sexual abuse in the second degree and endangering the welfare of a child. Following a jury trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment. This appeal ensued.

Initially, we reject defendant's contentions that the evidence was legally insufficient and that the verdict was against the weight of the evidence. The evidence adduced at trial clearly established each element of the crimes charged and, if credited by the jury, overwhelmingly established his guilt.

We also reject defendant's contention that County Court abused its discretion in prohibiting defendant from cross-examining the victim about an alleged prior false accusation of rape. At trial, County Court conducted a hearing as to the underlying facts of the alleged false rape charge made by the victim (cf., People v Becraft, 198 AD2d 868). In an offer of proof, defendant proffered the unsworn statement of the victim's former boyfriend indicating that some four years earlier, when the victim was 12 years of age, she was at a party having sex with a 17-year-old boy behind closed doors, that the following day she confirmed to her former boyfriend that she had sex with the boy and that two weeks later she accused the boy of raping her. The former boyfriend further asserted that someone overheard a conversation between the victim and her sister wherein the victim accused the boy of rape because he had rejected her.

We are of the view that County Court properly rejected such cross-examination because the former boyfriend's statement was unsworn and, more importantly, the basis of his assertions as to the victim's false accusations were based upon numerous inadmissible hearsay statements (see, People v Naranjo, 194 AD2d 747, 748, lv denied 82 NY2d 900). Additionally, it is of note that the rape allegations purportedly leveled by the victim were never made to the police or reduced to formal charges (see, People v Passenger, 175 AD2d 944, 946). Under the facts disclosed by this record, we cannot say that County Court abused its discretion by precluding evidence on this matter (see, People v Sprague, 200 AD2d 867, lv denied 83 NY2d 877).

We further reject defendant's contention that County Court erred in failing to conduct a Ventimiglia hearing with regard to testimony that defendant would buy drugs for the victim and her friends at some future date if they went on a camping trip together. Initially, it must be observed that such testimony does not constitute proof of an uncharged crime (see generally,

*People v Avincola*, 162 AD2d 288, 289, *lv denied* 76 NY2d 937) or a prior bad act which, in turn, would have necessitated a *Ventimiglia* hearing. Moreover, the testimony adduced in this regard was probative of defendant's intent and motive on the day in question to concatenate with the victim and was thus admissible in the circumstances of this case (*see, People v Molineux*, 168 NY 264).

Defendant next contends that he was denied a fair trial based upon the failure of the People to call a witness referred to in their opening statement. In opening statements, the prosecutor asserted that he expected a prospective witness, who ultimately did not testify at trial, to testify that defendant told her that he fondled the victim but did not rape her. Initially, we observe that defendant's claim is unpreserved because he failed to object at the time the statement was made and failed to move for a mistrial on this ground at the close of the People's case (*see, People v Baa*, 189 AD2d 771, 772, *lv denied* 81 NY2d 1010). In any event, a mistrial would have been warranted only upon a showing of bad faith on the part of the People and undue prejudice to defendant (*see, People v De Tore*, 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York*, 419 US 1025), neither of which has been demonstrated on this record, and defendant does not claim such in his brief.

Finally, we reject defendant's contention that County Court erred in discharging a juror whose child had been admitted to the intensive care unit of a hospital during the trial. During the course of the trial, a juror advised the Clerk of the court that her child had been admitted to the intensive care unit of Albany Medical Center Hospital due to illness and was expected to be in the hospital for several days. Consequently, she requested to be excused from further jury service. County Court, concluding that there was no reasonable possibility that the juror would be available for service the following day, or thereafter, excused the juror. The record satisfies us that County Court made a reasonably thorough inquiry and recitation of the facts and reasons for excusing the juror and was, therefore, justified in discharging her (*see, People v Lesiuk*, 81 NY2d 485, 491). We have reviewed defendant's remaining contentions and find them to be either unpersuasive or unpreserved for appellate review.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).