OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents a question of apparent first impression: *490 whether defendant’s motion pursuant to Civil Rights Law § 50-d for a subpoena duces tecum for the personnel records of four Uniformed Court Officers (the officers) who are complainants against him in the impending trial of this case should be granted, where defendant offers no factual showing of the relevance of the content of those records to the issues to be resolved at trial, other than his hope that they may reveal evidence which can be used to impeach the testimony of the officers. For the reasons which follow, the motion should be denied.[1]
Introduction
Defendant stands accused of three counts of an attempt to commit the crime of assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), four counts of harassment in the second degree (Penal Law § 240.26 [1]), one count of an attempt to commit the crime of criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [2]), and one count of disorderly conduct (Penal Law § 240.20 [2]), pertaining to conduct allegedly committed against the four officer-complainants in a hallway of the Civil Court Building at 141 Livingston Street in Kings County on January 27, 1998. By pretrial ex parte application, defendant seeks a judicial subpoena duces tecum for the personnel records of those officers.
Upon receipt of the motion, the court directed that the officers be notified of its pendency and have the opportunity to prepare and present their positions on its merit to the court. On June 29, 1998, this court conducted a hearing at which defendant’s counsel, the attorney for the four officers, and the People were heard. While defendant was invited to make a showing of actual or likely relevance of the yield of the sought subpoenas, he instead merely cited their potential value as impeachment material. The officers oppose the application, as do the People.
The Legal Analysis
Access to personnel records of court officers is governed by section 50-d of the Civil Rights Law, which was enacted in 1992 (L 1992, ch 517, § 1). Subdivision (2) thereof provides as follows: “Personnel records of court officers shall be disclosed in a court action pursuant to the relevant provisions of the criminal procedure law, the civil practice law and rules, or any other *491 provision of law governing such disclosure only after the court has notified the subject of such record that such record may be disclosed in a court action and the court has given the subject of such record an opportunity to be heard on the question of whether the records sought are relevant and material in the action before the court. If, after such hearing, the court determines that only a portion of such records are relevant and material in the action before it, it shall make those parts of the record found to be relevant and material available to the persons so requesting.” There appears to be no case law interpreting this statute.
The seminal case in this general area of law is People v Gissendanner (48 NY2d 543 [1979]), which reviewed the propriety of a trial court’s refusal of a defense request for subpoenas duces tecum requiring production of personnel records of two police officers who were the principal prosecution witnesses. The Court there offered principles which are equally compatible with sound interpretation of Civil Rights Law § 50-d.[2]
Recognizing “the tension between the constitutionally based rights of an accused to confront and cross-examine adverse witnesses on the one hand, and the interest of the State and its agents in maintaining confidential data relating to performance and discipline of police on the other” (supra, at 547-548), the Court noted: “Granting, however, that the constitutional roots of the guarantees of compulsory process and confrontation may entitle these to a categorical primacy over the State’s interest in safeguarding the confidentiality of police personnel records, it is not to be assumed that, in striking the balance between the two, police confidentiality must always *492 yield to the demands of a defendant in a criminal case. The circumstances which support such demands may vary greatly. And, though access must be afforded to otherwise confidential data relevant and material to the determination of guilt or innocence, as, for example, when a request for access is directed toward revealing specific ‘biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand’ (Davis v Alaska, [415 US 308] at p 316), or when it involves other information which, if known to the trier of fact, could very well affect the outcome of the trial (cf. United States v Garrett, 542 F2d 23, 26; United States v Cardillo, 316 F2d 606, 611, 615-616, cert den 375 US 822), there is no such compulsion when requests to examine records are motivated by nothing more than impeachment of witnesses’ general credibility. In such cases, the defendant’s rights have generally been canalized within the bounds of the traditional evidentiary rule that governs the introduction of extrinsic proof of matters collateral to the issues at trial, i.e., its availability rests largely on the exercise of a sound discretion by the trial court (see People v Ocasio, 47 NY2d 55, 60; People v Schwartzman, 24 NY2d 241, 245, cert den 396 US 846; People v Sorge, 301 NY 198, 202; 3A Wigmore, Evidence [Chadbourn rev], §§ 1005, 1006; Richardson, Evidence [10th ed — Prince], § 491).” {Supra, at 548.)
CPL 610.20 (3) bars an attorney for a defendant in a criminal case from issuing a subpoena duces tecum of the court directed to any department, bureau or agency of the State, but authorizes counsel to obtain such a subpoena upon court order pursuant to CPLR 2307.[3] A court’s authority to issue such process is subject to settled legal constraints which the law places on the use of such process. Such limitations have been lucidly summarized by the Appellate Division, Third Department, in Matter of Constantine v Leto (157 AD2d 376, 378 [3d Dept 1990], affd for reasons stated below 77 NY2d 975 [1991]), a decision which granted a motion to quash a subpoena duces tecum served upon the State Police for their “Breath Test *493 Operator’s Training Manual”: “We also note that a subpoena duces tecum may not be used to circumvent the discovery provisions of CPL 240.20 and 240.40 (People v Ramirez, 129 Misc 2d 112, 113-114; People v Crean, 115 Misc 2d 526, 531; People v Miranda, 115 Misc 2d 533), ‘to ascertain the existence of evidence’ (People v Gissendanner, [supra, at] 551) or ‘to “fish for impeaching material” ’ (People v Di Lorenzo, 134 Misc 2d 1000, 1001). Rather, its purpose is ‘to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding' (Matter of New York State Dept. of Labor v Robinson, 87 AD2d 877, 878). A showing that certain documents carry a potential for establishing relevant evidence is insufficient; instead, a defendant must put forth ‘some factual predicate’ which would make it reasonably likely that documentary information will bear relevant and exculpatory evidence (People v Gissendanner, supra, at 550).” (See also, Matter of Terry D., 81 NY2d 1042 [1993] [subpoena directing school assistant principal to produce names, addresses and telephone numbers of students and nonstudents present in classroom at time of assault of teacher with which defendant stood charged quashed]; Matter of Javier V., 249 AD2d 314 [2d Dept 1998] [same type information sought, with same result]; Matter of Pirro v LaCava, 230 AD2d 909 [2d Dept 1996] [writ of prohibition granted against enforcement of subpoena duces tecum issued by trial court in murder case directing Medical Examiner’s Office to produce certain material relating to the autopsy examination of the victim; Appellate Division held that discovery which is unavailable by statute may not be ordered on principles of due process because “there is no general constitutional right to discovery in criminal cases”], citing Matter of Miller v Schwartz, 72 NY2d 869, 870, citing Weatherford v Bursey, 429 US 545, 559.)
A subpoena duces tecum may not be used “in the hope of finding something helpful to [the] defense”. (Matter of Decrosta v State Police Lab., 182 AD2d 930, 931 [3d Dept 1992] [subpoena in driving while intoxicated case for generalized category of records pertaining to a specific breathalyzer ampule lot and simulator lot denied]; see also, People v Carpenter, 240 AD2d 863, 864 [3d Dept 1997] [in murder case where defendant sought to show a need for a psychiatric examination, subpoena denied for school records that defendant believed might exist regarding psychological, emotional or intellectual testing of him, but which he did not specifically recall taking].) *494 Nor, as noted above, may such process be used “ ‘to fish for impeaching material’ ” (People v Di Lorenzo, supra, at 1001; see also, People v Jovanovic, 176 Misc 2d 729 [Sup Ct, NY County 1997] [defendant, charged with kidnaping, and related sex offenses who subpoenaed copies of all e-mail communications sent to and received by complainant using her college e-mail account during a certain period; court held that defendant failed to make a clear and specific demonstration that the e-mails between complainant and others are highly material and relevant, necessary and critical to his defense, and that the information therein is not obtainable from other sources; his subpoena was merely a “discovery” subpoena — a fishing expedition to attempt to examine the e-mails in the hope that evidence or information helpful to the defense will be discovered— i.e., presumably info regarding complainant’s sexual history or proclivities; this is an improper use of a subpoena duces tecum]; People v Weiss, 176 Misc 2d 496 [Sup Ct, NY County 1998] [subpoena to telephone company for complainant’s telephone records held subject to protective order sought by People requiring defendant to make written showing under seal that sought records are reasonably likely to contain information relevant to trial issues]; People v Michael M., 162 Misc 2d 803 [Sup Ct, Kings County 1994] [application denied for subpoena for police reports, Child Welfare Administration records and private social services agency records sought as having potential to establish relevant evidence in form of bias of a prosecution witness]; People v Radtke, 153 Misc 2d 554 [Sup Ct, Queens County 1992] [application denied for subpoena seeking entire file of attorney who represented defendant’s wife, a principal prosecution witness, in a prior Family Court proceeding, where subpoena was sought to permit defendant to discover Rosario or Brady material]; People v Hasson, 86 Misc 2d 781, 783, 784 [Sup Ct, Richmond County 1976] [court withdrew subpoenas duces tecum, signed by predecessor Judge since deceased, for a large volume of records from municipal and other agencies, including personnel records of potential civilian and law enforcement witnesses; court declined to permit use of subpoenas to further discovery of “something that may prove embarrassing to the witness if inquired into on cross-examination”, noting that extrinsic evidence of a witness’ past vicious, immoral or criminal acts is permitted under CPL 60.40 if the conduct resulted in a conviction, but is otherwise barred under People v Sorge, 301 NY 198, supra]; People v Bova, 118 Misc 2d 14, 16 [Sup Ct, Kings County 1983] [murder trial court *495 quashed a subpoena duces tecum served upon newspaper and reporter for latter’s notes, transcriptions, memoranda or tape recordings pertaining to published interview of a witness/ complainant who was with victim during incident in question in the hope that it “might shed light on a possible justification defense”]).
In short, despite being given ample opportunity to do so, defendant has failed to put forth in good faith “some factual predicate which would make it reasonably likely that the file will bear [relevant and exculpatory] fruit and that the quest for its contents is not merely a desperate grasping at a straw” (People v Gissendanner, 48 NY2d 543, 550, supra; see also, Matter of Decrosta v State Police Lab., supra, at 931 [defendant “failed to make the requisite factual predicate demonstrating that it is reasonably likely that the * * * material will produce relevant or exculpatory evidence”]). That is, defendant has made no showing that the personnel records which he seeks would likely yield known evidence relevant to the trial of this case. Rather, he pinions his motion for the subpoena on speculative anticipation that those records would provide information which he could use at trial to impeach the testimony of the officers in question. Having made no reliable case for compulsory process for the personnel files he seeks, he may not employ that process for discovery from a nonparty.
Conclusion
For the foregoing reasons, defendant’s motion for a subpoena duces tecum pursuant to Civil Rights Law § 50-d for the personnel records of four Uniformed Court Officers who are complainants against him in the impending trial of this case is denied.

. This opinion confirms an oral decision rendered on June 24, 1998.

. The facts in Gissendanner (supra) are basic. Defendant was accused of selling narcotics to an undercover officer who testified that he and three other officers drove to defendant’s home, where the other three did surveillance from an unmarked car while he approached her house; and that he met her outside and was invited inside, where he and she were alone when she sold him narcotics. One of the surveillance officers testified that though he did not witness the sale, he saw the undercover officer enter the house with defendant and then exit alone about 15 minutes later. Defendant sought the personnel folders of the undercover and this officer.
Since the trial predated the 1976 enactment of Civil Rights Law § 50-a (L 1976, ch 413, § 1), the statute which now regulates disclosure of the personnel records of police officers in circumstances such as those at bar, the Court of Appeals did not interpret that statute, but rather applied decisional and common law. It is also noteworthy that section 50-a, unlike section 50-d, contains a provision that a court may not order production of police officers’ personnel records for its review “without a clear showing of facts sufficient to warrant the judge to request records for review.” (Civil Rights Law § 50-a [2].)

. As here pertinent, though not determinative, CPLR 2307 provides in essence that: (1) a subpoena duces tecum to be served upon a department or bureau of the State must be issued by a Justice of the Supreme Court in the district where the item sought is located, or by a Judge of the court in which the litigation to which the subpoena pertains is triable; (2) absent court order to the contrary, a motion for such a subpoena must be made on at least one day’s notice to the custodian of the item in question and to the adverse party; and (3) the subpoena must be served on the custodian at least 24 hours before the time fixed for production of the item, unless in case of emergency.