■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY D. BREHENY, Appellant. [705 NYS2d 160] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after trial of the statutory rape and sodomy of a 13-year-old girl. Defendant contends that County Court abused its discretion in denying his application to cross-examine the victim about alleged prior false accusations of sexual misconduct. We disagree. Although defendant indicated that there were "witnesses", including his sister, who were prepared to testify that the victim made those accusations, defendant never clearly indicated what each of those witnesses would say and specifically who would testify that the accusations were false. We note that those accusations were never made to the police or reduced to formal charges. "[O]ffers of proof must be made clearly and unambiguously" (*People v Williams*, 6 NY2d 18, 23, *cert denied* 361 US 920, *rearg denied* 10 NY2d 1011). We conclude that defendant failed to provide the court with an adequate factual basis for his proposed line of questioning (*see, People v Gozdalski*, 239 AD2d 896, 897, *lv denied* 90 NY2d 858; *People v Duggan*, 229 AD2d 688, 689, *lv denied* 88 NY2d 984; *People v Hamel*, 174 AD2d 837; *see also, People v Hargrove*, 213 AD2d 492, *lv denied* 87 NY2d 846). Defendant's contention that reversal is mandated because of prosecutorial misconduct on summation is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Oneida County Court, Dwyer, J.—Rape, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.