OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with the crimes of rape in the first degree and sodomy in the third degree, made an ex parte *902 application[1] orally for an order directing the complainant and a third party to produce their computers by court process so that alleged information concerning an unfounded disclosure of rape by the complainant could be extracted to impeach her testimony or as direct evidence against her at the pending trial.
The defendant did not denominate the court process necessary to effectuate the relief requested, leaving that determination to the court. He did indicate his concern that notice to either the complainant or the third party might result in the destruction of the requested evidence, so he requested that a seizure of the computers be effected without notice to those parties.
In support of his application, the defendant, at the court’s request, submitted a copy of a police report indicating that, unrelated to the charged sexual offenses, the complainant via e-mail communicated to the third party that a rape had just occurred at her home, that the third party alerted the police via “911” and that the subsequent investigation by the police resulted in a denial by the complainant and her mother of any such incident.
A prior false accusation of rape is admissible to impeach the testimony of the alleged victim of a rape through the medium of cross-examination (People v Breheny, 270 AD2d 926, lv denied 95 NY2d 851; People v Duggan, 229 AD2d 688, lv denied 88 NY2d 984; People v Sprague, 200 AD2d 867, lv denied 83 NY2d 877), and also witnesses can be produced to testify to those instances to permit an inference that the charged crimes had not been in fact committed (People v Mandel, 61 AD2d 563, revd on other grounds 48 NY2d 952, cert denied 446 US 949).
The Criminal Procedure Law contains no provisions to address the defendant’s request for relief.[2]
The defendant cannot utilize the demand for discovery pursuant to CPL 240.20, because the computers are not in the possession and control of the prosecutor (People v Santorelli, 95 NY2d 412; People v Tissois, 72 NY2d 75; People v Yu, 166 AD2d 249, lv denied 76 NY2d 992; People v Chambers, 134 Misc 2d *903 688); a subpoena duces tecum pursuant to CPL 610.20 (3) is not available to the defendant, because that section does not authorize the production of the instrument that contains the information requested (see People v Jovanovic, 176 Misc 2d 729, revd on other grounds 263 AD2d 182, lv granted 94 NY2d 908, appeal dismissed 95 NY2d 846, rearg denied 95 NY2d 888;[3] People v Bagley, 183 Misc 2d 523; People v Weiss, 176 Misc 2d 496); and a search warrant pursuant to CPL 690.05, which might be the logical process to accomplish the requested relief, can be applied for only by a designated individual, and the defendant is not within that category (see People v Di Lorenzo, 103 Misc 2d 1098, affd sub nom. People v Cardillo, 80 AD2d 952).[4]
Since the Criminal Procedure Law provides no remedy for the defendant’s application, resort must be made to the Civil Practice Law and Rules (CPL 60.10; People v Davis, 169 Misc 2d 977; People v Radtke, 153 Misc 2d 554).
The appropriate section is CPLR 3120, which insofar as it is applicable to this case, provides as follows:
“As against party: 1. After commencement of an action, any party may serve on any other party notice: (i) to produce and permit the party seeking discovery * * * to inspect, copy, test or photograph any designated * * * things which are in the possession, custody or control of the party served * * * (b) As against non-party. A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a)” (see Hoag v Chase Pitkin Home & Garden Ctr., 252 AD2d 953— application of subdivision [b]; Ball v State of New York, 101 Misc 2d 554 — computer printout of auto accidents at certain intersection prepared by Department of Transportation).
While the notice referred to in rule 3120 (b) could be accomplished by a notice of motion in accordance with CPLR 2214 (a), since the defendant alleges that there is the possibil *904 ity of destruction of the material contained in the two computers, the defendant should proceed via an order to show cause in accordance with subdivision (d) of CPLR 2214. “One of the best reasons for seeking to bring a motion on by order to show cause is a demonstrated need for a retention of a status quo until a contested hearing * * * [I]f such a showing is made * * * the order to show cause can contain an additional clause * * * restraining the other side from specified doings until further order of the court” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:26, at 103; see Northside Studios v Treccagnoli, 262 AD2d 469).
CPLR 3120 (b), insofar as it is applicable to the required notice, provides as follows: “The motion for such order shall be on notice to all adverse parties; the non-party shall be served with the notice of motion in the same manner as a summons.” The district attorney is obviously an “adverse” party, so the appropriate prosecutor should be served with the order to show cause (see People v Huang Qike, 182 Misc 2d 737;[5] People v Magliore, 178 Misc 2d 489). This section mandates that the complainant and the third party also must be served with the order to show cause (People v Davis, supra;[6] see People v Magliore, supra; People v Radtke, supra).
Accordingly, the application of the defendant is granted to the extent that he may submit an order to show cause to the court which complies with all the provisions of CPLR 3120 and 2214.[7]

. This procedure is not without precedent. See, e.g. People v Magliore (178 Misc 2d 489), where defendant ex parte sought a subpoena duces tecum for the personnel records of police officers complainants.

. In People v Huang Qike (182 Misc 2d 737), an answering machine containing a message tape was placed in evidence, but there is no indication that any CPL provisions were used to produce it.

. The defendant in a sex crimes prosecution subpoenaed from the complainant’s university copies of all e-mail communications between the complainant and the defendant and the complainant and third parties using the university’s e-mail account and in compliance the university produced the appropriate computer disks; the trial court and appellate court decisions concerned only admissibility.

. The defendant’s attorney, although an assistant public defender, is not a “public servant” as used in that statute, and at any rate this application was actually made by the defendant through his attorney.

. This case held that the district attorney under the doctrine of jus tertii on behalf of the complainant could move to suppress an audio tape acquired by the defendant as a result of illegal eavesdropping.

. This case cited CPLR 3120 (b) but posited that the district attorney lacked standing to intervene on behalf of third parties.

. Because of the defendant’s claim of possible destruction of alleged evidence, this decision will not be filed until service of the order to show cause has been effected upon all the parties to this proceeding.