■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. RUSSILLO, Appellant. [812 NYS2d 574]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 4, 2004, convicting him of sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Rahmen*, 23 AD3d 679 [2005]).

Moreover, under the circumstances of this case, the defendant's right to confront witnesses was not unduly curtailed by the trial court's application of the rape shield law (*see* CPL 60.42). The defendant was given ample opportunity to develop evidence to support his contention that, because he had discouraged the boyfriend-girlfriend relationship between the two principal complainants, they had a motive to accuse him falsely of the charged crimes (*cf. People v Jovanovic*, 263 AD2d 182 [1999]; *People v Perryman*, 178 AD2d 916 [1991]).

At the trial, one of the complainants testified that the defendant had worn a rubber glove when he inserted two fingers into that complainant's rectum. A search of the defendant's home produced a single rubber glove which was subsequently tested for the presence of DNA. The test confirmed that DNA was present on the glove and that the complainants could not be excluded as its source. The defendant did not object to the glove's admission into evidence and therefore the issue of

whether the glove was properly admitted into evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). He did object, however, to the introduction of expert evidence regarding the DNA.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in admitting the DNA evidence (*see People v Neithardt,* 251 AD2d 516 [1998]).

Because the defendant has completed the sentence imposed, the issue of whether the sentence was excessive has been rendered academic (*see People v Darby,* 304 AD2d 672 [2003]; *People v Waddy,* 240 AD2d 521 [1997]).

The defendant's remaining contention is without merit. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.