■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE D. GUNTHER, Appellant. [888 NYS2d 842]—

Appeal from a judgment of the Oswego County Court (James W. McCarthy, J.), rendered December 19, 2007. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, sodomy in the first degree (two counts), rape in the first degree (three counts), sexual abuse in the first degree (five counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of sexual abuse in the first degree under the fifth count of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of various sex crimes committed by defendant against three children, defendant contends that the conviction is not supported by legally sufficient evidence. Defendant preserved his contention for our review with respect to seven counts of the indictment, but we conclude that his contention lacks merit with respect to those counts (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the judgment must be modified by reversing that part convicting defendant of sexual abuse in the first degree under the fifth count of the indictment, charging defendant with sexual abuse by touching the vagina of one of the victims

with his penis. There was no evidence presented at trial that defendant touched that victim's vagina with his penis. Instead, the People adduced evidence that, on two occasions during the relevant time frame, defendant touched that victim's leg and buttocks and rubbed his penis against her back. It is well established that a defendant cannot be convicted of a crime based on evidence of an "uncharged theory" (*People v Grega*, 72 NY2d 489, 496 [1988]; *see People v Greaves*, 1 AD3d 979 [2003]; *see generally People v Bradford*, 61 AD3d 1419, 1420-1421 [2009]). Defendant was not required to preserve his contention for our review inasmuch as "[t]he right of an accused to be tried and convicted of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). Viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

County Court did not err in admitting the testimony of the expert concerning Child Sexual Abuse Accommodation Syndrome. The testimony of the expert was admissible for the purpose of "explain[ing] behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000], citing *People v Taylor*, 75 NY2d 277 [1990]). The court also did not err in precluding defendant from presenting evidence that two of the victims had made prior claims of sexual assault. Although the testimony of the two victims included a phrase that generally referred to a molester, that testimony does not rise to the level of a formal complaint, and there was no evidence of a formal complaint of sexual assault made by those victims (*see People v Mandel*, 48 NY2d 952 [1979], *cert denied and appeal dismissed* 446 US 949 [1980], *reh denied* 448 US 908 [1980]; *People v Breheny*, 270 AD2d 926 [2000], *lv denied* 95 NY2d 851 [2000]). Finally, the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.