■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONA WEINBERG, Appellant. [904 NYS2d 906]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered September 29, 2009, convicting him of sexual abuse in the second degree (seven counts) and endangering the welfare of a child (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The Supreme Court did not deprive the defendant of his constitutional right of confrontation by prohibiting him from cross-examining one of the complainants or eliciting testimony about that complainant's prior sexual conduct. Contrary to the defendant's contention, such evidence was not relevant to support his defense that this complainant's testimony was fabricated (see People v Scott, 67 AD3d 1052, 1054 [2009]; People v Vankenie, 52 AD3d 849 [2008]; People v Perryman, 178 AD2d 916, 917 [1991]; see generally People v Williams, 81 NY2d 303, 312 [1993]). The defendant was given ample opportunity to develop evidence to support his position that this complainant had a motive to fabricate his testimony (see People v Russillo, 27 AD3d 493 [2006]). Accordingly, evidence of this complainant's prior sexual conduct was irrelevant and properly excluded by the Supreme Court under the rape shield law (see CPL 60.42; People v Russillo, 27 AD3d 493 [2006]; cf. People v Jovanovic, 263 AD2d 182 [1999]).

The defendant contends that the prosecutor committed misconduct when, before opening statements at a nonjury trial, he referred to alleged prior uncharged crimes, under the auspices of a Molineux application (see People v Molineux, 168 NY 264 [1901]). This contention is unpreserved for appellate review (see CPL 470.05 [2]), and in any event, is without merit.

The defendant's contention that it was error for the prosecutor to question him during cross-examination regarding his religious beliefs is not preserved for appellate review, as the defendant failed to object to the alleged error at trial (see CPL 470.05 [2]; People v Pinto, 56 AD3d 494, 495 [2008]). In any event, this contention is without merit.

The defendant contends that the prosecutor, during summation, improperly related the defendant's religious beliefs to his credibility. This issue is unpreserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People

*v Dien*, 77 NY2d 885 [1991]). In any event, even if it were error to allow the prosecutor's comment, such error, if any, was harmless in the face of the overwhelming evidence of the defendant's guilt and in recognition of the presumption that the trial court, as factfinder, will consider only competent evidence in reaching its verdict (*see People v Kozlow*, 46 AD3d 913, 915 [2007]) and is uniquely capable of distinguishing those issues properly before it from those which are not (*see People v Kozlow*, 46 AD3d 913 [2007]; *People v Marino*, 21 AD3d 430, 432 [2005], *lv denied* 5 NY3d 883 [2005], *cert denied* 548 US 908 [2006]; *see also People v Dixon*, 50 AD3d 1519, 1520 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.