# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1001

KA 12-01480

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

NICHOLAS J. JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 22, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless driving, and improper automobile equipment.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the third degree is dismissed and the judgment is otherwise affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]), defendant contends that Supreme Court erred in admitting DNA test results into evidence because there were gaps in the chain of custody of the gun from which the DNA was recovered. We reject that contention inasmuch as the People provided sufficient assurances of the identity and unchanged condition of the gun (*see People v Julian*, 41 NY2d 340, 342-343), and any alleged gaps in the chain of custody went to the weight of the evidence and not its admissibility (*see People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864).

We also reject defendant's contention that the People's evidence at trial impermissibly varied from the indictment and bill of particulars insofar as the People presented evidence of constructive possession of the weapon at issue. Where the People have "specified in the indictment and bill of particulars the manner in which defendant committed the crime, [they are] not free to present evidence at trial that virtually disprove[s] that theory and [to] substitute a different one" (*People v Johnson*, 227 AD2d 927, 928, *lv denied* 88 NY2d

1022, citing *People v Grega*, 72 NY2d 489, 498; *see also People v Gunther*, 67 AD3d 1477, 1478).  Here, however, the People advanced only a "broad allegation" of possession prior to trial, one which did not commit them to proving any one theory of possession (*see People v Foley*, 210 AD2d 163, 163-164, *lv denied* 85 NY2d 861; *cf. Gunther*, 67 AD3d at 1477-1478).  At trial, the People presented evidence supporting a theory of constructive possession, and we conclude that such evidence did not impermissibly vary from the bill of particulars, and that defendant was not hampered in his ability to prepare for trial (*see People v Charles*, 61 NY2d 321, 327).

Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction of the weapon charges.  Additionally, viewing the evidence in light of the elements of those crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant's further contention that prosecutorial misconduct on summation deprived him of a fair trial is not preserved for our review, inasmuch as he failed to object to the allegedly inappropriate statements (*see People v James*, 114 AD3d 1202, 1206-1207, *lv denied* 22 NY3d 1199).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, we reject defendant's contention that he was denied effective assistance of counsel.  Viewing the evidence, the law, and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

All concur except FAHEY, J., who concurs in the result in the following Memorandum:  I respectfully concur in the result reached by the majority, namely, the dismissal of the appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the third degree and the affirmance of the judgment.  I write separately, however, to express my concerns with the prosecutor's mischaracterization on summation of the DNA evidence linking defendant to the weapon.  Those concerns were fully addressed in another case recently before this Court involving a similar issue (*see People v Wright*, 115 AD3d 1257, 1258-1263 [Fahey and Carni, JJ., dissenting], *lv granted* 22 NY3d 1204).  In the present case, the People's forensic expert testified in relevant part that her analysis established only that the DNA recovered from the weapon came from at least four individuals, and that defendant could not be excluded as a contributor to the DNA.  In other words, the evidence placed defendant in a *class* of people that could have contributed to the DNA (*see id.* at 1262).  The prosecutor nevertheless argued on summation that the DNA analysis *established* defendant as the DNA's contributor and that he therefore had possessed the weapon at issue.  In my view, the prosecutor's mischaracterization of "evidence of class as evidence of exactitude" was improper (*id.*).  I concur in the present case because, unlike *Wright*, the verdict is justified by evidence other than the results of DNA testing, and my review of the evidence establishes that

Supreme Court, as the trier of fact, would have reached the same result absent the prosecutor's misconduct (*cf. People v Mott*, 94 AD2d 415, 419; *see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court