Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 22, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless driving, and improper automobile equipment.
It is hereby ordered that said appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the third degree is dismissed and the judgment is otherwise affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]), defendant contends that Supreme Court erred in admitting DNA test results into evidence because there were gaps in the chain of custody of the gun from which the DNA was recovered. We reject that contention inasmuch as the People provided sufficient assurances of the identity and unchanged condition of the gun (see People v Julian, 41 NY2d 340, 342-343 [1977]), and any alleged gaps in the chain of custody went to the weight of the evidence and not its admissibility (see People v Cleveland, 273 AD2d 787, 788 [2000], lv denied 95 NY2d 864 [2000]).
We also reject defendant’s contention that the People’s evidence at trial impermissibly varied from the indictment and bill of particulars insofar as the People presented evidence of constructive possession of the weapon at issue. Where the People have “specified in the indictment and bill of particulars the manner in which defendant committed the crime, [they are] not free to present evidence at trial that virtually disprove [s] that *1579 theory and [to] substitute a different one” (People v Johnson, 227 AD2d 927, 928 [1996], lv denied 88 NY2d 1022 [1996], cit ing People v Grega, 72 NY2d 489, 498 [1988]; see also People v Gunther, 67 AD3d 1477, 1478 [2009]). Here, however, the People advanced only a “broad allegation” of possession prior to trial, one which did not commit them to proving any one theory of possession (see People v Foley, 210 AD2d 163, 163-164 [1994], lv denied 85 NY2d 861 [1995]; cf. Gunther, 67 AD3d at 1477-1478). At trial, the People presented evidence supporting a theory of constructive possession, and we conclude that such evidence did not impermissibly vary from the bill of particulars, and that defendant was not hampered in his ability to prepare for trial (see People v Charles, 61 NY2d 321, 327 [1984]).
Contrary to defendant’s contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction of the weapon charges. Additionally, viewing the evidence in light of the elements of those crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant’s further contention that prosecutorial misconduct on summation deprived him of a fair trial is not preserved for our review, inasmuch as he failed to object to the allegedly inappropriate statements (see People v James, 114 AD3d 1202, 1206-1207 [2014], lv denied 22 NY3d 1199 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, we reject defendant’s contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
All concur except Fahey, J., who concurs in the result in the following memorandum.