Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered January 22, 2013, convicting him of course of sexual conduct against a child in the first degree, criminal sexual act in the second degree (12 counts), criminal sexual act in the third degree (2 counts), sexual abuse in the second degree (18 counts), sexual abuse in the third degree (25 counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the convictions of sexual abuse in the second degree under counts 45 and 46 of the indictment (submitted on the jury’s verdict sheet as counts 31 and 32), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of course of sexual conduct against a child in the first degree, criminal sexual act in the second degree under the third and fourth counts in the indictment, and sexual abuse in the second degree under the 31st, 32nd, 59th, and 60th counts in the indictment (submitted on the jury’s verdict sheet as counts 17, 18, 45, and 46). However, as the People correctly concede, the evidence was legally insufficient to establish the defendant’s guilt of sexual abuse in the second degree under counts 45 and 46 of the indictment (submitted on the jury’s verdict sheet as counts 31 and 32) (see Penal Law § 130.60 [2]). Accordingly, we vacate those convictions, vacate the sentences imposed thereon, and dismiss those counts of the indictment.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, *863 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all remaining counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, he was not deprived of his constitutional right to present a defense by the trial court’s application of the Rape Shield Law (CPL 60.42). The defendant was given ample opportunity to develop evidence at trial to support his position that his involvement with the arrest of the complainant’s former boyfriend provided the complainant with a motive to fabricate her accusations against him (see People v Simmons, 106 AD3d 1115, 1116 [2013]; People v Weinberg, 75 AD3d 612, 613 [2010]; People v Russillo, 27 AD3d 493 [2006]).
Furthermore, the trial court providently exercised its discretion in precluding the defendant from cross-examining the complainant about alleged prior allegations of sexual abuse, for which he did not provide a sufficient factual basis “to suggest a pattern casting substantial doubt on the validity of the [subject] charges” (People v Mandel, 48 NY2d 952, 953 [1979]; see People v Piedra, 87 AD3d 706, 706 [2011]; People v Breheny, 270 AD2d 926, 926 [2000]). The alleged prior accusations of sexual abuse were never reported to the police or reduced to formal charges (see People v Gunther, 67 AD3d 1477, 1478 [2009]; People v Breheny, 270 AD2d at 926; People v Duggan, 229 AD2d 688, 689 [1996]; People v Passenger, 175 AD2d 944, 946 [1991]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions, raised in point II of his main brief, that the trial court’s evidentiary rulings deprived him of his constitutional rights to a fair trial, due process, and to present a defense, are without merit.
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05), and we decline to review them in the exercise of our interest of justice jurisdiction (see generally People v Henderson, 120 AD3d 1258, 1259 [2014]). Mastro, J.P., Dickerson, Roman and Miller, JJ., concur.