People v Raad (2018 NY Slip Op 08037)





People v Raad


2018 NY Slip Op 08037


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06776
 (Ind. No. 15-00225)

[*1]The People of the State of New York, respondent,
v
Leon Raad, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger, Patrick J. Fischer, and Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered May 10, 2016, as amended May 31, 2016, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was indicted for assault in the second degree pursuant to Penal Law § 120.05(3) and resisting arrest pursuant to Penal Law § 205.30. The charges arose from an incident that occurred on June 6, 2015, as three police officers responded to a report of a violent domestic dispute. After trial, the jury convicted the defendant on both counts. The County Court later sentenced him to the minimum term of imprisonment of two years for assault in the second degree (see Penal Law § 70.02), to run concurrently with a term of imprisonment of one year for resisting arrest. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of assault in the second degree (Penal Law § 120.05[3]) and resisting arrest (Penal Law § 205.30). Moreover, in fulfilling our responsibility to conduct an independent review of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The defendant's contention that count one of the indictment, which charged him with assault in the second degree, was defective due to insufficiency of the factual allegations is unpreserved for appellate review (see CPL 470.05[2]; People v Iannone, 45 NY2d 589, 600) and, in any event, without merit (see CPL 200.50[7][a]; People v Rodriguez, 62 AD3d 728; People v Dudley, 289 AD2d 503).
The defendant's contention that the trial court did not adequately respond to a jury note requesting clarification of the "definitions between assault & attempted assault" is unpreserved [*2]for appellate review (see CPL 470.05[2]; People v Morris, 27 NY3d 1096) and, in any event, without merit (see People v Malloy, 55 NY2d 296, 301-302).
We agree with the County Court's denial, without a hearing, of that branch of the defendant's motion which was to set aside the verdict pursuant to CPL 330.30(2), based upon alleged juror misconduct (see CPL 330.40[2][e]; People v Gerrara, 88 AD3d 811, 813-814; People v Bab Lin You, 264 AD2d 780, 780; People v Cervantes, 242 AD2d 730, 731).
The defendant was not deprived of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712-713).
Since the defendant has completed the sentence imposed, the issue of whether the sentence was excessive has been rendered academic (see People v Russilllo, 27 AD3d 493, 494).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court