People v Cerda (2021 NY Slip Op 01784)





People v Cerda


2021 NY Slip Op 01784


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-05385
 (Ind. No. 1328/18)

[*1]The People of the State of New York, respondent,
v
Sergio Cerda, appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered May 2, 2019, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not denied his constitutional rights to due process and to confront witnesses by the Supreme Court's application of the Rape Shield Law (CPL 60.42) to prohibit him from introducing into evidence portions of a laboratory report. The defendant was given ample opportunity to develop evidence at trial to support his defenses (see People v Curtis, 188 AD3d 1090, 1091; People v Weberman, 134 AD3d 862, 863; People v Simmons, 106 AD3d 1115, 1116).
The defendant contends that his conviction of sexual abuse in the first degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court