People v Britton (2023 NY Slip Op 00779)

People v Britton

2023 NY Slip Op 00779

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

982 KA 22-01018

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON BRITTON, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 12, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (two counts) and criminal possession of marihuana in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]), criminal possession of marihuana in the third degree (former § 221.20), and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). We affirm.
Defendant contends that he was deprived of a fair trial by the admission of certain evidence at trial, including a photograph depicting the weapons at issue with other weapons that defendant legally possessed and certain evidence seized from trash that he had placed outside his house. By stipulating to the admissibility of the photograph, defendant waived his present contention that it should not have been admitted in evidence (see People v Hutchings, 142 AD3d 1292, 1294 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; People v Santos-Sosa, 233 AD2d 833, 833 [4th Dept 1996], lv denied 89 NY2d 988 [1997]). In any event, "photographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant' " (People v Wood, 79 NY2d 958, 960 [1992], quoting People v Pobliner, 32 NY2d 356, 369-370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]). Here, we conclude that the photograph was relevant to a material issue in the case and its sole purpose was not to arouse the emotions of the jury (see People v Walton, 178 AD3d 1459, 1459-1460 [4th Dept 2019], lv denied 35 NY3d 1030 [2020]; People v Boop, 118 AD3d 1273, 1274 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
With respect to defendant's contention concerning the evidence recovered from his trash can nine days prior to his arrest, which included five sandwich bags containing cocaine residue, we conclude that evidence of his prior possession of the drug residue was admissible to establish his intent to sell drugs, which is a necessary element of one of the controlled substance charges (see People v Laws, 27 AD3d 1116, 1117 [4th Dept 2006], lv denied 7 NY3d 758 [2006]), and the probative value of the evidence outweighed its prejudicial effect (see generally People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]).
We reject defendant's contention that County Court erred in declining to suppress the results of a fingerprint comparison in which a police officer used a fingerprint card that, as the People correctly concede, should have been sealed pursuant to CPL 160.50. That statute "was [*2]not designed to immunize a defendant from the operations of [a] law enforcement official's investigatory use of fingerprints" (People v Pate, 182 AD2d 717, 718 [2d Dept 1992], lv denied 80 NY2d 836 [1992]; see generally People v Patterson, 78 NY2d 711, 717-718 [1991]).
Defendant contends that the court deprived him of the ability to present a defense based on Penal Law § 265.20 (a) (3), which exempts the possession of certain weapons from a number of weapons charges, including criminal possession of a weapon in the second degree under section 265.03. Although defendant inquired regarding the defense, we conclude that "defendant failed to provide the court with an adequate factual basis for his proposed" defense (People v Breheny, 270 AD2d 926, 927 [4th Dept 2000], lv denied 95 NY2d 851 [2000]). "[O]ffers of proof must be made clearly and unambiguously" (People v Williams, 6 NY2d 18, 23 [1959], cert denied 361 US 920 [1959], rearg denied 10 NY2d 1011 [1961]; see Breheny, 270 AD2d at 927), and inasmuch as defendant failed to make an offer of proof demonstrating that the proposed affirmative defense applied in this case (see generally People v Santana, 7 NY3d 234, 236-237 [2006]; People v Hazzard, 129 AD3d 1598, 1600 [4th Dept 2015], lv denied 26 NY3d 968 [2015]; People v Procanick, 68 AD3d 1756, 1756 [4th Dept 2009], lv denied 14 NY3d 844 [2010]), defendant's contention is not preserved for our review (see generally People v Schafer, 81 AD3d 1361, 1363 [4th Dept 2011], lv denied 17 NY3d 861 [2011]).
Defendant further contends that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence. Initially, we conclude that defendant failed to preserve his sufficiency challenge with respect to the conviction of criminal possession of a controlled substance in the third degree under count three of the indictment inasmuch as his motion for a trial order of dismissal with respect to that count was not " 'specifically directed' " at the error raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence with respect to that count and the remaining charges upon which defendant was convicted, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of all of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally id. at 348-349; Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising the right to a jury trial, inasmuch as he failed to raise that contention at sentencing (see People v Motzer, 96 AD3d 1635, 1636 [4th Dept 2012], lv denied 19 NY3d 1104 [2012]). The sentence is not unduly harsh or severe.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court